Opinion by
Packet., J.,
This is an appeal from a decree dated March 21, 1972, awarding appellant’s wife alimony pendente lite of $450 per week and permanent alimony of $375 per week pursuant to a decree for divorce a mensa, et ihoro. The proceedings had been commenced on October 18, 1966. On March 14, 1969, the court enjoined the appellant from commencing or proceeding with a divorce in another jurisdiction, but on June 26, 1969, the appellant was granted a divorce in a proceeding in Florida which he had commenced in February of 1969.
The court below reached its conclusion on the alternative grounds that: (1) full faith and credit did not have to be given to the Florida divorce because the appellant was not a Florida domiciliary; and (2) the doctrine of divisible divorce was applicable.[1] It becomes necessary, therefore, to consider both grounds.
I.
The Validity oe the Florida Divorce
Full faith and credit must be given to a divorce decree of a sister state which is the domicile of either spouse. Williams v. North Carolina, 317 U.S. 287 (1942). Presumptive validity attaches to a final judgment or decree of a sister state. Adam v. Saenger, 303 U.S. 59 (1938). The burden of overcoming the presumption in a divorce case “rests heavily upon the assailant.” Williams v. North Carolina, 325 U.S. 226, 234- (1945). Our Supreme Court has held in Commonwealth ex rel. McVay v. McVay, 383 Pa. 70, 73, 118 A. 2d 144, 146 (1955) that: “The full faith and credit *362 clause of the Constitution requires that prima facie validity be accorded the divorce decree of a sister State, but the presumption of the existence of the jurisdictional prerequisite of domicile is rebuttable, the burden of proof to overcome it resting on the party attacking the decree.”
The record in this case is replete with indicia that the appellant’s domicile might be that of Florida or of Pennsylvania. Appellant emphasizes his move to Florida in 1966; a purchase of a home there in 1967; a severance of ties to Pennsylvania with reference to bank accounts, club memberships and public positions; and Florida activities including voting registration, church and club affiliations, registry of car, driver’s license and bank and charge accounts. Appellee emphasizes their life in Pennsylvania for more than three decades and the presumption of continuance of domicile; the expressed intent to maneuver in order to defeat the wife’s rights;[2] the retention in Pennsylvania of very substantial business interests, a personal checking and charge account and club memberships; substantial time spent in Pennsylvania and the return a few days after the Florida divorce to live in a Philadelphia apartment; and the violation of a Pennsylvania injunction not to proceed with the Florida divorce.[3]
*363 Normally, we would not disturb the fact-finder’s conclusion as to domicile when there is a hodge podge of conflicting intangibles, even though that is a matter within our province.[4] In view of the presumptive validity of a sister state divorce, however, we conclude from the facts as to domicile that the appellee did not establish a lack of jurisdiction in Florida. Accordingly, that divorce decree must be given full faith and credit.
II.
Does the Florida Divorce Terminate the Eight to Support f
The purpose of an action in divorce a.m.e.t. is not only to enable a plaintiff to live separately but also to obtain support. “The characteristic feature of divorce a mensa et thoro is the support or permanent alimony awarded to the wife.” 2 Freedman, Law of Marriage and Divorce in Pennsylvania 809 (2d ed. 1957). The specific issue here involved is whether an ex parte divorce a.v.m., validly granted in a sister state, terminates a right to support under Pennsylvania law. By statute courts of common pleas of the Commonwealth are given jurisdiction to dissolve a marriage.[5] *364 The Divorce Act provides that such a dissolution terminates a right to support: “. . . After a sentence nullifying or dissolving a marriage, all and every the duties, rights, and claims accruing to either of the said parties, at any time heretofore, in pursuance of the said marriage shall cease and determine ...” [6]
The question resolves itself into whether the termination of rights by virtue of a Pennsylvania divorce means that there must be a termination by virtue of a non-Pennsylvania divorce. Compulsion, to the extent that it does exist, comes from the full faith and credit clause of the federal constitution. Time and again the Supreme Court of the United States has held that there is no compulsion to terminate a right of support because of an ex parte divorce granted by a sister state. Estin v. Estin, 334 U.S. 541, 549 (1948) concluded: “The result in this situation is to make the divorce divisible — to give effect to the Nevada decree insofar as it affects marital status and to make it ineffective on the issue of alimony. It accommodates the interests of both Nevada and New York in this broken marriage by restricting each State to the matters of her dominant concern.” In accord are Kreiger v. Kreiger, 334 U.S. 555 (1948); Armstrong v. Armstrong, 350 U.S. 568 (1956); Vanderbilt v. Vanderbilt, 354 U.S. 416 (1957) (support order issued after ex parte divorce).
Pennsylvania courts with great frequency have concluded that a right to support was not terminated because of their determination that the extra-state divorce was invalid in that the husband had not acquired a domicile in that state. For a host of cases see Freedman, supra, at 1451. In Commonwealth ex rel. Lorusso v. Lorusso, 189 Pa. Superior Ct. 403, 150 A. 2d 370 (1959), it was held that an ex parte divorce of a sister *365 state terminated the duty to support but in that case neither the court’s opinion nor the briefs of counsel referred to the doctrine of divisible divorce. In the instant case the court below did rely on this doctrine.
We believe, in accordance with views expressed by the Supreme Court of the United States, that a departure from a home to take up residency in another state, even though sufficient to obtain a divorce, cannot be utilized to defeat an existing valid right to support.
It is noted that the decree nisi, as made final, refers to the marriage of the appellant and appellee as remaining in effect. That should be corrected.
Decree, as modified, is affirmed.

 For early articles by the writer of this opinion see Yes and No Divorces, 20 Pa. B.A.Q. 55 (1948) and The Right to Support After an Ex Parte Divorce, 29 Pa. B.A.Q. 29 (1957).

 As to whether testimony to this effect was improperly received because of the lawyer-client privilege, we accept the trial judge’s determination that the communication was made to the lawyer as a personal friend and confidant rather than as an attorney dealing with the case.

 The validity of the granting of the injunction is not an issue before us because Florida had the power to grant the divorce notwithstanding a valid Pennsylvania injunction to the contrary. “As an original question it would be arguable that the full faith and credit clause should compel the other state to accept the injunction as an adjudication of the impropriety of the forum for suit, but the authorities are all the other way.” Leflar, American Conflicts *363 Law, 118-119 (1968). Nor is contempt for violation of the injunction an issue before us. See Knaus v. Knaus, 387 Pa. 370, 380, 127 A. 2d 669, 674 (1956).

 “Where a finding of fact is simply a deduction from other facts reported by the tribunal under review, and the ultimate fact in question is purely the result of reasoning, an appellate court has the power to draw its own inferences and arrive at its own conclusions from the facts as established: Dorrance’s Estate, supra, at p. 156; Smith v. Smith, 364 Pa. 1, 5, 70 A. 2d 630; Foulke v. Miller, 381 Pa. 587, 592, 112 A. 2d 124.” Publicker Estate, 385 Pa. 403, 410, 123 A. 2d 655, 660 (1956).

 Act of May 2, 1929, P. L. 1237, §15, 23 P.S. §15.

 23 P.S. §55.