## Speese v. Speese

*Donald H. Lipson,* Domestic Relations Legal Officer, for prosecutrix.

*Dean L. Foote* and *Samuel F. Feldman,* for defendant.

420

BACKENSTOE, J., October 23, 1973.—On March 18, 1969, defendant entered into an agreed order for the payment of $75 per week for the support of his wife and minor child. Subsequent to November 2, 1972, the minor child, having attained the age of 18, the order was reduced to $50 per week for the support of the wife.

On July 5, 1972, the Circuit Court of the Eleventh Judicial District in and for Dade County, Fla., entered a decree in divorce a.v.m. dissolving the marriage of the parties. In that decree the court acknowledged the order of the Court of Common Pleas of Lehigh County, Pa., under which the husband was currently directed to pay alimony in support of the wife and minor child of the parties.

We would note that at the time of the institution of the divorce action in Florida, the wife retained Florida counsel and voluntarily entered her appearance for the purpose of defending said action in divorce. On January 13, 1973, this court, upon petition to vacate the order of support because of the Florida divorce, denied said petition, construing the Florida acknowledgement of the Lehigh County order of support as an award of alimony by the Florida court. On March 27, 1973, the Florida court issued an order of clarification wherein it expressly stated that in acknowledging the Lehigh County order of support it was not awarding alimony.

We have now before us the issue of whether a Pennsylvania order of support must be vacated because defendant obtained a divorce from his wife in the State of Florida. It is clear that the husband is a bona fide resident of Florida and that this court must give full faith and credit to a divorce decree of a sister State which is the domicile of either spouse: Williams v.

North Carolina, 317 U.S. 287, 63 S. Ct. 207, 87 L. Ed. 279 (1942).

In Stambaugh v. Stambaugh, 222 Pa. Superior Ct. 360, 294 A. 2d 817 (1972), the Superior Court held that an ex parte divorce validly granted in Florida to a husband who had taken up residency in Florida did not terminate the right of wife who was subsequently awarded alimony pendente lite and permanent alimony pursuant to a decree for divorce a.m. and t. in Pennsylvania. The court, holding that a departure from this State to take up residence in another State, though sufficient to obtain a divorce, cannot be utilized to defeat an existing valid right to support.

In so ruling, the court applied the divisible divorce doctrine which holds that there is no compulsion to terminate a right of support because of an ex parte divorce granted by a sister State: Estin v. Estin, 334 U.S. 541, 549, 68 S. Ct. 1213, 92 L. Ed. 1561 (1948). It is quite clear that the Stambaugh case, supra, as well as the authorities cited therein, all dealt with ex parte divorce proceedings with jurisdiction on the non-resident wife obtained by constructive service. In the instant case, the wife voluntarily consented to the jurisdiction of the Florida courts, obtained counsel and contested the proceedings. Accordingly, we conclude that the divisible divorce doctrine enunciated in Stambaugh is not applicable and that the husband is entitled to a vacation of the order: Commonwealth ex rel. Esenwein v. Esenwein, 348 Pa. 455, 35 A. 2d 355 (1944); Commonwealth ex rel. Lorusso v. Lorusso, 189 Pa. S. Ct. 403, 150 A. 2d 370 (1959).

As noted by Judge Woodside in the Lorusso case, supra:

"It is well settled in Pennsylvania that a valid divorce decree terminates the duty of a husband to

support his wife. (citations omitted) Accordingly, if the Nevada divorce in question is valid in Pennsylvania, the support order, together with any arrearages that accrued after the divorce was granted, must be vacated."

See also 3 Freedman: Law of Marriage and Divorce in Pennsylvania (2d ed.) §§1431-32.

In view of the foregoing, we make the following

### ORDER

Now, October 23, 1973, defendant's petition to vacate an order of support is granted effective July 5, 1972. Defendant is directed to pay any arrearages which have accrued prior to the date of his divorce at the rate of $50 per week. Defendant is further directed to pay the costs of these proceedings.