## KREIGER *v.* KREIGER.

No. 371.   Argued February 2–3, 1948.—Decided June 7, 1948.

*James G. Purdy* argued the cause for petitioner.   With him on the brief was *Abraham J. Nydick.*

*Charles Rothenberg* argued the cause and filed a brief for respondent.

Opinion of the Court by MR. JUSTICE DOUGLAS, announced by MR. JUSTICE REED.

This is a companion case to *Estin* v. *Estin, ante,* p. 541, also here on certiorari to the Court of Appeals of New York.

The parties were married in New York in 1933 and lived there together until their separation in 1935. In 1940 respondent obtained a decree of separation in New York on grounds of abandonment. Petitioner appeared in the action; and respondent was awarded $60 a week alimony for the support of herself and their only child, whose custody she was given.

Petitioner thereafter went to Nevada where he continues to reside. He instituted divorce proceedings in that state in the fall of 1944. Constructive service was made on respondent who made no appearance in the Nevada proceedings. While they were pending, respondent obtained an order in New York purporting to enjoin petitioner from seeking a divorce and from remarrying. Petitioner was neither served with process in New York nor entered an appearance in the latter proceeding. The Nevada court, with knowledge of the injunction and the New York judgment for alimony, awarded petitioner an absolute divorce on grounds of three consecutive years of separation without cohabitation. The judgment made no provision for alimony. It did provide that petitioner was to support, maintain and educate the child, whose custody it purported to grant him, and as to which jurisdiction was reserved. Petitioner thereafter tendered $50 a month for the support of the child but ceased making payments under the New York decree.

Respondent thereupon brought suit on the New York judgment in a federal district court in Nevada. Without waiting the outcome of that litigation she obtained a judgment in New York for the amount of the arrears, petitioner appearing and unsuccessfully pleading his Nevada divorce as a defense. The judgment was affirmed by the Appellate Division, two judges dissenting. 271 N. Y. App. Div. 872, 66 N. Y. S. 2d 798. The Court of Appeals affirmed without opinion, 297 N. Y. 530, 74 N. E. 2d 468, but stated in its remittitur that its action was

based upon *Estin* v. *Estin*, 296 N. Y. 308, 73 N. E. 2d 113. Respondent does not attack the bona fides of petitioner's Nevada domicile.

For the reasons stated in *Estin* v. *Estin, ante,* p. 541, we hold that Nevada had no power to adjudicate respondent's rights in the New York judgment and thus New York was not required to bow to that provision of the Nevada decree. It is therefore unnecessary to pass upon New York's attempt to enjoin petitioner from securing a divorce or to reach the question whether the New York judgment was entitled to full faith and credit in the Nevada proceedings. No issue as to the custody of the child was raised either in the court below or in this Court. The judgment is

*Affirmed.*

MR. JUSTICE FRANKFURTER dissents for the reasons stated in his dissenting opinion in *Estin* v. *Estin, ante,* p. 549.

MR. JUSTICE JACKSON dissents for the reasons set forth in his opinion in *Estin* v. *Estin, ante,* p. 553.