24 N.J. Super. 366 (1953)
94 A.2d 535
MARY ANN EBERLE, PLAINTIFF,
v.
JOSEPH SOMONEK, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 21, 1953.
*369 Messrs. Burton & Seidman (Mr. Baruch S. Seidman appearing), attorneys for plaintiff.
Messrs. Strong & Strong (Mr. John V.R. Strong appearing), attorneys for defendant.
EWART, J.S.C.
This is a suit for partition of improved real estate, consisting of a dwelling house on a lot 100 x 100 feet, situate in the Borough of Spotswood, Middlesex County, N.J., and arises out of the following circumstances:
Title to the property in question was conveyed to Joseph Somonek and Mary Somonek, his wife, by deed dated May 14, 1945 and recorded in the Middlesex County Clerk's Office May 16, 1945 in Book 1277 of Deeds at page 317.
June 1, 1949 a final decree of divorce was entered in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Dade County, in favor of the wife, Mary Somonek, and against her husband, Joseph Somonek. Thereafter on or about June 8, 1949 Mary Somonek contracted a marriage with Gabriel H. Eberle whose wife she now claims to be.
Plaintiff alleges that by reason of the marriage between Joseph and Mary Somonek having been dissolved by divorce, the estate by the entireties formerly existing between them with reference to the Spotswood property was converted into a tenancy in common.
*370 Defendant Joseph Somonek, while admitting that he and Mary Somonek were husband and wife, that they held title to said property as tenants by the entireties, and that his wife, Mary Somonek, instituted suit for divorce against him in the State of Florida, which suit resulted in a final decree in favor of the wife, asserts nevertheless that the divorce suit in Florida was instituted in fraud of this court and in fraud of the courts of the State of Florida; that the Florida decree of divorce is invalid and void; that he was not served with process in the State of New Jersey, nor did he appear in the Florida suit; that because of said fraud the decree of the Florida court is not binding upon this court and is not entitled to full faith and credit under the Federal Constitution; that at a time when the plaintiff was his wife and while they had their matrimonial domicile in New Jersey, she was guilty of matrimonial offenses committed with the said Gabriel Eberle; that she and Eberle departed from the State of New Jersey and went to Florida for the express purpose of evading the jurisdiction of the courts of New Jersey; that the plaintiff is still his lawful wife; and that the alleged decree of divorce in Florida does not affect the right, title and interest of the plaintiff and of the defendant to the Spotswood property.
And by way of counterclaim, defendant repeats his allegations with respect to the fraudulent nature of the Florida divorce proceedings and demands judgment that the Florida decree of divorce be declared to be of no force and effect in the State of New Jersey and that the plaintiff be adjudged to still be the lawful wife of the defendant.
At the trial, there was introduced in evidence exemplified copy of the Florida divorce proceedings, including the complaint, order for service by publication, proof of publication of notice, decree pro confesso for failure of the defendant to appear, and final decree of divorce entered June 1, 1949. The complaint in the divorce suit was verified by plaintiff's affidavit made April 5, 1949, and the complaint was filed that day. It alleges, inter alia, that the plaintiff was at that *371 time and for more than 90 days previous had been an actual bona fide resident of Dade County in the State of Florida. The suit for divorce as set forth in the complaint was founded on the ground of extreme cruelty by the defendant towards the plaintiff. The final decree finds jurisdiction of the parties and the subject matter in the Florida court, grants to the plaintiff a decree of divorce a vinculo matrimonii, and awards permanent custody and control of the two minor children to the plaintiff, subject to right of visitation by the defendant at all reasonable times. On its face the divorce proceedings appear to be regular in all respects. The answer does not allege, nor did the defendant at the trial contend, that he had not received notice of the pendency of the suit for divorce in Florida.
At the trial, plaintiff offered in evidence exemplified copy of the Florida divorce proceedings, including the final judgment, invited attention to the admissions contained in the pleadings and pretrial order, and rested.
Defendant took the stand and testified, called five additional witnesses who gave testimony, and offered in evidence depositions taken in Florida of Gabriel H. Eberle, present husband of the plaintiff, and rested.
In rebuttal, plaintiff then offered in evidence depositions taken in Florida of Charles R. Moomaw and Trygbe Salomonsen.
The witnesses produced by the defendant at the trial testified in the main to the relations existing between the defendant and his then wife while they were living together at Spotswood, the alleged improper relations between the plaintiff and Gabriel Henry Eberle, the fact that Mrs. Somonek left her husband December 7, 1948 after which he did not see her again, and the fact that Gabriel Henry Eberle quit his job at the Hercules Powder Company plant at Parlin, N.J., on January 21, 1949.
Based on the proofs submitted in this case, I find the following facts:
*372 Plaintiff Mary Ann Eberle, formerly the wife of the defendant Joseph Somonek, left her then husband and her home in Spotswood on or about December 7, 1948; she never returned to her husband and to her home in Spotswood; she arrived in Florida on or about January 3, 1949; she instituted suit for divorce against her husband, Joseph Somonek, in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for the County of Dade, on April 5, 1949; service of process in the suit was made upon the defendant Joseph Somonek by publication and mail; and final decree of divorce was entered June 1, 1949.
The plaintiff's present husband, Gabriel H. Eberle, resided in Spotswood, N.J., until on or about January 21, 1949 when he quit his job with the Hercules Powder Company at its plant in Parlin, N.J. He arrived in Florida January 27, 1949. Eberle's former wife obtained a divorce from him in February or March of 1949. On June 8, 1949, in Florida, Eberle and the former Mary Ann Somonek, plaintiff in this suit, were married. The plaintiff and her husband, Gabriel H. Eberle, have resided in Florida continuously since the date of their marriage and, in fact, neither of them have at any time departed the State of Florida since the date of their marriage up until the date of the trial of this cause.
The home in Spotswood, situate on a lot 100 x 100 feet, is not partible.
Based on the foregoing facts, is the Florida decree of divorce entitled to full faith and credit in the State of New Jersey under the provisions of the Federal Constitution and, if so, does it affect title to the property in Spotswood, N.J.?
Defendant contends that the plaintiff, his former wife, and Eberle, her present husband, went to Florida for the purpose of evading the provisions of the laws of the State of New Jersey, the matrimonial domicile; that the divorce proceedings in Florida constituted a fraud upon this court and upon the Florida courts and that the decree of the Florida court is therefore void and not entitled to full faith and *373 credit in the State of New Jersey; and that, in any event, the Florida decree of divorce is divisible, and if it be held to have dissolved the marriage between the defendant and his former wife, the plaintiff, that it can have no effect upon title to the real estate in New Jersey which stood in the name of the defendant and his former wife as tenants by the entirety. And the defendant further alleges that he and the plaintiff still hold title to the Spotswood property as tenants by the entirety and that the same is not, therefore, subject to partition.
With these contentions of the defendant I cannot agree.
A person may legitimately move to another state to avail himself of its divorce laws, the only requirements being absolute good faith in the taking up of residence in such other state and the intention of there remaining. Peff v. Peff, 2 N.J. 513, at 521 (1949).
A divorce decree may be given extraterritorial recognition under the full faith and credit clause of the Federal Constitution, if obtained in accordance with the requirements of procedural due process in the divorce forum, notwithstanding the other spouse was constructively served with process in another state and did not appear in the action. Hence, our local policy as expressed in R.S. 2:50-35, which denies validity to divorces secured by our citizens who go to another jurisdiction to obtain a divorce for a cause not recognized here, must give way before the full faith and credit clause of the Federal Constitution. Peff v. Peff, supra, at page 520.
It is true that the full faith and credit clause of the Federal Constitution does not protect a divorce decree not based upon a bona fide domicile of one of the spouses when such decree is later attacked in another state. The decree of divorce in a foreign state is a conclusive adjudication for everything except the jurisdictional facts upon which it is founded, and domicile is a jurisdictional fact. Peff v. Peff, supra, at page 520; Williams v. North Carolina, 325 U.S. 266, 65, S.Ct. 1092, 89 L.Ed. 1577 (1945); Esenwein v. *374 Pennsylvania, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608 (1945); Rice v. Rice, 336 U.S. 674, 69 S.Ct. 751, 93 L.Ed. 957 (1949). However, the full faith and credit clause of the Federal Constitution requires that prima facie validity be accorded the divorce decree of a sister state and, while the presumption of the jurisdictional prerequisite of domicile is rebuttable, the burden of proof rests upon the party attacking the decree. Peff v. Peff, supra, at page 522; Esenwein v. Pennsylvania, supra.
The defendant has failed to carry the burden placed upon him of establishing by the proofs that the Florida court lacked jurisdiction because the plaintiff, his former wife, had not established a bona fide domicile in the State of Florida at the time of the institution of her divorce suit there. Consequently, I must hold that the Florida decree of divorce is entitled to full faith and credit in the State of New Jersey.
Conveyance of title to the Spotswood property having been made to Joseph Somonek and Mary Somonek, his wife, without limitation or qualification, they took title as tenants by the entirety. Pentek v. Pentek, 117 N.J. Eq. 292, 294 (Ch. 1934). So long as the marriage existed between defendant and his former wife, they continued to hold an estate by the entireties and such an estate is not subject to partition. R.S. 2:71-1; Platt v. Platt, 93 N.J. Eq. 395, 399 (Ch. 1922). But a final decree of divorce dissolving the marriage between a man and his wife will terminate his right of curtesy in his wife's lands as effectively as if he were dead, Meade v. Mueller, 139 N.J. Eq. 491 at 496 (Ch. 1947) and will operate to convert an estate held by them as tenants by the entirety to a tenancy in common. Buttlar v. Buttlar, 67 N.J. Eq. 136 (Ch. 1904); Baker v. Kennerup, 102 N.J. Eq. 367 (Ch. 1928).
I find no support in authorities cited by defendant for the defendant's contention that the Florida decree of divorce is divisible and can work a dissolution of the marriage without affecting title to the real estate in New Jersey. *375 Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948) cited by the defendant, did not deal at all with the question of title to real estate. In that case the matrimonial domicile was in the State of New York; the wife obtained a decree of separation in the New York courts with maintenance against her husband. He later moved from the State of New York and established a domicile in the State of Nevada in which latter state he obtained a decree of divorce. The Nevada decree made no provision for alimony for the wife. The wife then sought enforcement of the separate maintenance decree in New York, after the entry of the divorce decree in Nevada, and the United States Supreme Court held that while the Nevada decree was entitled to full faith and credit in the State of New York insofar as it affected the marital status, it was ineffective on the issue of alimony and that therefore the New York judgment for maintenance, secured by the wife prior to the entry of the divorce decree in Nevada, remained enforceable against the husband.
Rice v. Rice, 336 U.S. 674, 69 S.Ct. 751, 93 L.Ed. 957 (1949), cited by the defendant, was a case where the matrimonial domicile was in the State of Connecticut. The husband moved to Nevada where he obtained a decree of divorce; he then remarried in Nevada, moved to California, and died intestate a few months later. At the time of his death he owned real estate situate in Connecticut. Both his divorced wife and his widow in California claimed the rights of a widow in the Connecticut real estate. In that case the Connecticut courts held that the Nevada decree of divorce was void because the husband had not established a bona fide domicile in that state, so as to confer jurisdiction upon that state, and that decision was sustained by the United States Supreme Court.
Kreiger v. Kreiger, 334 U.S. 555, 68 S.Ct. 1221, 92 L.Ed. 1572 (1948), is also cited by the defendant. In that case, the matrimonial domicile was in the State of New York. The husband and wife separated and in 1940 the wife obtained a decree of separation in New York and was awarded *376 $60 per week alimony for the support of herself and child. The husband moved to the State of Nevada and in the fall of 1944 instituted suit for divorce in Nevada and secured a final decree. The Nevada decree contained no provision for alimony. The husband ceased making payments on the New York judgment for alimony and the wife brought suit in New York for the arrears under the support order. The husband pleaded in defense the Nevada decree of divorce. Judgment in the New York court for the wife. The United States Supreme Court, following its decision in the Estin case, held that Nevada had no power to adjudicate the wife's rights in the New York judgment and that the New York courts were not required to bow to that part of the Nevada decree which failed to award maintenance to the wife.
The premises in Spotswood not being partible, there will be a judgment for the partition of the premises by sale.