111 N.J. Super. 515 (1970)
269 A.2d 401
ETHEL E. NEWGARD, PLAINTIFF,
v.
JOHN J. NEWGARD, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided July 31, 1970.
*516 Messrs. Meth & Wood, attorneys for plaintiff (Mr. Theodore Sager Meth, appearing).
Messrs. Riker, Danzig, Scherer and Brown, attorneys for defendant (Mr. Everett M. Scherer, appearing).
HARTMAN, J.C.C. (temporarily assigned).
The issue of alimony here is a novel one.
Plaintiff is the former wife of defendant. She secured a divorce from him in 1955 in the State of Pennsylvania, the matrimonial domicile of the parties at that time. On February 4, 1969 plaintiff filed an action in the Chancery Division against defendant, inappropriately styled as a separate maintenance action, in which she sought support and maintenance *517 for herself and the two minor children of their marriage. Both parties were then residents of New Jersey.
As a result of this action the parties arrived at agreed provisions for the support of the children, including the payment of rent for plaintiff's apartment while the children or either of them lived with their mother. These provisions were set forth at length in a "consent order"  it should have been a judgment  entered on May 6, 1969. Paragraph 7 of the order recites: "Plaintiff disclaims any rights which she personally may have for alimony here."
Plaintiff now moves at the foot of the judgment for a modification to the end that the court award her alimony based on her asserted needs and changed circumstances.
It is well settled in Pennsylvania that a valid divorce decree terminates the duty of a husband to support his wife. Commonwealth v. Petrosky, 1951, 168 Pa. Super. 232, 77 A.2d 647; Commonwealth ex rel. McCormack v. McCormack, 1949, 164 Pa. Super. 553, 67 A.2d 603; Commonwealth ex rel. Parker v. Parker, 1915, 59 Pa. Super. 74. [Commonwealth ex rel. Lorusso v. Lorusso, 189 Pa. Super. 403, 150 A.2d 370, p. 372 (Super. Ct. 1959)].
The Pennsylvania statutes on divorce are silent as to alimony (except in cases dealing with insane spouses, 23 P.S., § 45); Pennsylvania decisional law has interpreted the statutory silence as denying alimony after divorce. Hence, it is clear that if the parties to this action had remained residents of Pennsylvania, plaintiff's motion for alimony would have been denied. Under the law of that state a husband's obligation to support his wife may be enforced only while they remain husband and wife. After divorce the husband's obligation to support her ceases; his duty to support his children is, of course, not affected by the event of a divorce.
The wife contends that New Jersey permits alimony to a divorced wife whether the divorce is obtained by her in this State "or elsewhere," citing as her authority N.J.S.A. 2A:34-23. In other words, despite Pennsylvania's prohibition of alimony following a divorce, the public policy of New Jersey, by reason of our statute, permits it. This contention *518 goes contra the duty imposed upon states by the Full Faith and Credit Clause of the Federal Constitution to respect the judgments and laws of our sister states. Art. IV § 1. This court is bound to give that respect and to grant no more or no less relief than would be afforded in the rendering state. Roskein v. Roskein, 25 N.J. Super. 415 (Ch. Div. 1953). What the Pennsylvania law does not permit, New Jersey will not grant.
In Lorusso, supra, the Pennsylvania wife had secured a support order against her husband. Thereafter he established his residence in Nevada and eventually obtained an ex parte divorce in that state. He followed this with a move in the Pennsylvania proceedings to vacate the previously entered support order. After a plenary hearing Pennsylvania found that he had in fact established a bona fide residence in Nevada, the Nevada decree was entitled to full faith and credit in Pennsylvania, and therefore he was entitled to be relieved of any further obligation to support his former wife from the date of entry of the divorce decree in Nevada  this for the reason that Pennsylvania's public policy does not permit alimony following divorce.
The Full Faith and Credit Clause affords protection to vested rights of parties in situations where alimony provisions are not modifiable by the laws of the states in which the original provisions were made. The same rights are enforceable in other states. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, and Roskein, supra. There should be and I find no basic legal distinction between inflexibly fixed alimony provisions and judgments which by law of the rendering state do not permit any alimony; full faith and credit is commanded for both.
The Full Faith and Credit Clause orders "submission by one State even to hostile policies reflected in the judgment of another State, because the practical operation of the federal system, which the Constitution designed, demanded it." Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 1217, 92 L.Ed. 1561 (1948).
*519 The wife further contends that under the "divisible divorce" doctrine she is entitled to alimony, relying on Bing v. Bing, 86 N.J. Super. 246 (J. & D.R. CT. 1965), and N.J.S.A. 2A:34-24.1. She is in error. This statute was passed as a supplement to our separate maintenance act. It was intended to provide a remedy to abandoned wives despite the securing of ex parte divorces by absconding husbands. This supplemental act was passed in 1955 following holdings by the U.S. Supreme Court in 1948 in the well-known cases of Estin v. Estin, supra, and Kreiger v. Kreiger, 334 U.S. 555, 68 S.Ct. 1221, 92 L.ed. 1572, (1948)
Estin and Kreiger applied in divorce cases a previously stated divisible divorce theory that an ex parte divorce could effectively terminate the marital status between parties but would not affect property rights between them nor matters of support. Specifically, these cases held that a wife who had secured a separation decree against her husband, with provisions for her support, was legally entitled to retain the benefits of her support provisions despite the fact that he later managed to secure an ex parte divorce against her in another state. In short, a judicial separation decree  or, as in New Jersey, a separate maintenance judgment  survives a later ex parte divorce secured by the husband. What Estin and Kreiger did not encompass N.J.S.A. 2A:34-24.1 supplied. This supplement not only protects a wife's separate maintenance judgment but, as well, her right to pursue a proper claim for separate maintenance against an absconding husband after he has managed an ex parte divorce in another state. Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1956); Armstrong v. Armstrong, 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 705 (1957).
In Bing, supra, the Bergen County Juvenile and Domestic Relations Court applied the sense of N.J.S.A. 2A:34-24.1 in an action brought under the Uniform Reciprocal Enforcement of Support Act, N.J.S.A. 2A:4-30.1 et seq., following an ex parte South Carolina divorce. This contention of plaintiff is without merit. Whether the Juvenile and Domestic *520 Relations Court has jurisdiction under N.J.S.A. 2A:34-24.1 is of no moment here.
Plaintiff's third contention is that a change in the wife's circumstances requires a modification. This contention is frivolous; there is nothing to modify. Where a wife is legally entitled to nothing, equitable considerations, such as a person's needs, cannot create additional rights where primary rights did not exist. Suppose a husband divorced his wife in New Jersey for her matrimonial offense; would the fact that she later found herself in dire circumstances create a new obligation against her former husband to support her, when any obligations for her support had already legally ceased with the entry of the judgment of divorce in his favor? Obviously, the answer is in the negative. The same answer governs a case where a divorced wife remarries, then divorces husband II and comes back to court seeking alimony or a modification of the prior alimony award simply because she is without funds.
The remaining part of plaintiff's motion seeks a modification of the support provisions for the minor children. I have carefully reviewed the affidavits submitted by both sides. I am satisfied by defendant's uncontradicted affidavit that there is no warrant for any change from the provisions of the 1969 agreement between the parties with regard to the children. Her motion is denied.
Plaintiff's motion for alimony is also denied. No counsel fees nor costs are awarded.