132 N.J. Super. 216 (1975)
333 A.2d 283
ESTELLE WOLINER, PLAINTIFF-RESPONDENT, CROSS-APPELLANT,
v.
JACK WOLINER, DEFENDANT-APPELLANT, CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 13, 1975.
Decided February 10, 1975.
*218 Before Judges MICHELS, MORGAN and MILMED.
Mr. Neil Braun argued the cause for appellant-cross-respondent (Messrs. Rudd and Ackerman, attorneys).
Mr. Ernest Prupis argued the cause for respondent-cross-appellant (Messrs. Weltchek, Prupis & Ritz, attorneys).
PER CURIAM.
Plaintiff wife instituted the present action pursuant to N.J.S.A. 2A:34-23, seeking support from defendant *219 who, at the time the suit was instituted was still her husband. The parties were first married in 1937 and divorced in 1950. They remarried in 1955 and again became divorced approximately a month after the present suit was instituted, by a decree of divorce entered in the State of California awarded the husband. The California judgment was based upon constructive service of process upon plaintiff, who at all times pertinent to this suit, was a resident of the State of New Jersey. Both parties lived in New Jersey during most of their marital life. Plaintiff wife never personally appeared in the California proceeding and the judgment of divorce expressly avoids any adjudication with respect to property rights. Nor does the decree purport to affect any right plaintiff may have to alimony or support from her former husband.
Ten days after filing the complaint plaintiff sought and obtained a writ of attachment on the ground that defendant was a resident of the State of Texas or the State of California, or was an absconding debtor. Thereafter, a levy was made by the Sheriff of Mercer County on all the right, title and interest of defendant to surplus cash (proceeds from a foreclosure proceeding) on deposit with the Clerk of the Superior Court.
Following entry of a consent order on October 18, 1972 vacating defendant's default and permitting him to file a responsive pleading, his answer and general appearance to the complaint were filed. Plaintiff's application for pendente lite support was denied, as was defendant's application for summary judgment, interposed on the theory that entry of the California divorce after the filing of plaintiff's complaint for maintenance deprived New Jersey of jurisdiction to award support to plaintiff.
On May 4, 1973 plaintiff moved for an order permitting her to amend her complaint to include a request for equitable distribution of the marital estate (pursuant to N.J.S.A. 2A:34-23) on the basis of the California judgment of divorce. This application was also denied on the ground that N.J. *220 S.A. 2A:34-23 applied only to divorces obtained in New Jersey and that equitable distribution was not available to one who had been divorced by a foreign decree.
Accordingly, the only issue upon which testimony was received concerned the amount of support, if any, to which plaintiff was entitled. Judgment was entered in favor of plaintiff awarding her $350 a month as support, retroactive to the date the complaint was filed, July 10, 1972. The support for the period from July 10, 1972 to October 10, 1973 was payable from the sum of $5,250 held by the Clerk of the Superior Court, subject to the writ of attachment which was previously entered in the case. Counsel fees in the amount of $3,750 to plaintiff's counsel, together with costs and disbursements, were ordered to be paid by defendant. Defendant appeals, contending that the awards of support and counsel fees were manifestly excessive. Plaintiff cross-appeals, contending that the trial court erroneously denied her application to amend the complaint to assert a claim of equitable distribution.
For reasons which will become apparent later, we deal first with the issue raised by plaintiff's cross-appeal from the denial of her right to equitable distribution. The right to equitable distribution of property legally and beneficially acquired by the marital parties during the marriage is a creature of statute created by the 1971 amendment to N.J.S.A. 2A:34-23. The provision reads as follows:
In all actions where a judgment of divorce or divorce from bed and board is entered the court may make such award or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage.
Defendant points out that the initial portions of § 23 which provide for the payment of alimony or maintenance of the wife and children are expressly made applicable to matrimonial actions "brought in this State or elsewhere, or *221 after judgment of divorce or maintenance, whether obtained in the State or elsewhere * * *." Accordingly, defendant contends that the absence of similar language in the provision relating to equitable distribution compels the conclusion that a foreign divorce cannot be the occasion for an order equitably distributing marital assets. According to defendant, had the Legislature intended to confer such power on the courts, it would have expressly provided for that power as it did with respect to awards of alimony and support.
We disagree. Nothing in the language of the provision authorizing equitable distribution of marital assets suggests that its applicability depends upon the place where the divorce was obtained. On the contrary, the language employed is all-inclusive, extending the right of equitable distribution to "all actions" in which a judgment of divorce is entered. A valid divorce rendered in a sister state is, under the Full Faith and Credit Clause of the Federal Constitution, recognized as a valid divorce in the State of New Jersey. Meeker v. Meeker, 52 N.J. 59 (1968). Had the Legislature intended such a restriction upon the jurisdiction of the court to equitably divide marital property, it would not have been difficult to express such limitation in concise terms. Moreover, the provision would not have been included, by way of amendment, in the provision for alimony and support which, by express language, negatives any such limitation.
The provision we are now considering is the last paragraph of N.J.S.A. 2A:34-23. The first paragraph of this section is a carryover from prior law with the one change making alimony and support available to either party, instead of restricting its availability to the wife. It authorizes the award of alimony, support and maintenance to either party, and also concerns itself with matters of custody, maintenance and education of any children of the marriage. The second paragraph sets forth standards to be applied by the court in determining the amount of alimony or maintenance *222 to be awarded and specifically permits alimony to be awarded to either party. The third paragraph creates the right to equitable distribution.
The initial portions of the first paragraph of § 23 expressly authorizes awards of alimony and custody where the divorce was procured from a sister state. It provides:
Pending any matrimonial action brought in this State or elsewhere, or after judgment of divorce or maintenance, whether obtained in this State or elsewhere, the court may make such order as to the alimony or maintenance of the parties * * * as the circumstances of the parties and the nature of the case shall render fit, reasonable and just * * *
The initial portions of the second paragraph setting forth standards for the guidance of the courts in making such awards does not contain the identical language. The language used, however, is broad and all-inclusive. It provides:
In all actions brought for divorce * * * the court may award alimony to either party * * *
The next few sentences of the second paragraph, each of which contains a specific standard to guide courts in granting alimony, each commences with the phrase, "In all actions for divorce."
Clearly, this all-inclusive language, used in the second paragraph of § 23, refers to the language used in the opening of the first paragraph. Thus, the standards for the granting of alimony set forth in the second paragraph should be applied where the divorce was obtained outside the State of New Jersey or after a divorce, wherever obtained. No one would seriously contend that the standards governing awards of alimony should only be applied with respect to New Jersey divorces. This language was added in 1938 by L. 1938, c. 235, § 1; R.S. 2:50-37. Compare Hughes v. Hughes, 125 N.J. Eq. 47 (E. & A. 1939), with Levy v. Levy, 17 N.J. Misc. 324, 9 A.2d 779 (Ch. 1939).
*223 Similar language is used to describe the availability of equitable distribution in the third paragraph of § 23, and thus this language, too, refers back to the opening language of the first paragraph of that section. Hence, a foreign divorce may serve as the basis for an equitable division of marital property in addition to a grant of alimony or maintenance, and we so hold.
The three paragraphs of § 23 must be read in pari materia. The two last paragraphs and the change in the first paragraph concerning a husband's eligibility for alimony, were adopted together, and although only the last paragraph provides for equitable distribution, alimony and maintenance is referred to in all three. Nothing in any of the language used in any of the three paragraphs suggests the legislative intent to vary the availability of the various incidents to a divorce provided for in § 23.
The interpretation of the equitable distribution provision being adopted by this court does not offend the essential public purposes this provision was designed to serve. The provision concerning equitable distribution was adopted to protect the receiving spouse from the hazards inherent in a grant of alimony, such as future financial misfortune of the paying spouse or his or her demise. "An allocation of property to the wife at the time of the divorce is at least some protection against such an eventuality." Rothman v. Rothman, 65 N.J. 219, 229 (1974). Moreover, this discerned purpose indicates that distribution is a supplement to the right to alimony, another financial incident to a divorce, available wherever alimony is available to the extent deemed just by the court. Another purpose for the allowance of equitable distribution on divorce
* * * [is in its] recognition to the essential supportive role played by the wife in the home, acknowledging that as homemaker, wife and mother she should clearly be entitled to a share of family assets accumulated during the marriage. [Rothman v. Rothman, supra]
An award to the wife of her equitable share of marital property should not be denied simply because the marriage was *224 terminated in another state or before action therefor is commenced, particularly where the statute creating that right does not clearly require such an anomalous result. Slapp v. Slapp, 143 Ohio St. 105, 54 N.E.2d 153 (Sup. Ct. 1944).
Adoption of defendant's position would, in our view, subvert the essential goals of this provision. A husband of wealth, for example, by the simple expedient of obtaining a foreign divorce on a bona fide change of domicile (feasible where the marital estate is a large one) could deprive the wife of a long-continuing marriage, a New Jersey domiciliary, of her acknowledged right to a division of the marital estate. Her ineligibility would persist even should the husband eventually return to New Jersey at some time in the future. The irrationality of this possibility persuades us that the Legislature never intended this result.
In the present case the marriage was a long-persisting one. The parties had lived together, during the course of two separate marital relationships, for a total of 30 years. During most of this period both were domiciliaries of the State. The wife still is. She is presently a New Jersey welfare recipient. New Jersey's interest in a domiciliary wife, so destitute that she is eligible for welfare assistance, is manifest, and we are not persuaded that in these circumstances she should be denied her fair share of the marital estate simply because the divorce was obtained in California and before she could obtain leave to amend her complaint to demand her share of the marital property.
Because of our view that the trial court erred in denying plaintiff's application for leave to amend her complaint to seek equitable distribution, requiring a remand in order that this may be accomplished and a hearing conducted thereon, it becomes unnecessary for us to consider the issue raised by defendant's appeal, that the amount of alimony awarded was excessive in light of his present financial resources, although we are generally satisfied with the allowance made. Nonetheless, because of the interrelationship of property distribution and the award of alimony, *225 the provision in the order being appealed from concerning the latter will also be considered reopened for such review, if any, as the trial court may deem appropriate. Painter v. Painter, 65 N.J. 196 (1974).
Plaintiff is currently receiving no support whatever. The trial court order awarding plaintiff $350 a month as permanent alimony has not, however, been stayed and therefore continues in full force and effect pending disposition of this case on remand. Payment of the support so ordered shall be made first out of the sum of money held subject to the original attachment, which also continues in full force and effect.
We affirm the order for counsel fees allowed below as reasonable. In fixing any counsel fees for the proceedings on remand the trial court should consider that the extent of the reconsideration of the case on the remand called for by this opinion is not attributable to any fault of defendant or his counsel and that an amount which would otherwise be reasonable should be moderated accordingly.
There will be no costs or counsel fee on this appeal except that defendant is ordered to pay plaintiff's actual disbursements herein.
The judgment is modified to the extent indicated above and the cause is remanded for further proceedings consistent with this opinion.