136 N.J. Super. 390 (1975)
346 A.2d 430
MARCIA P. MANFRINI, PLAINTIFF-APPELLANT,
v.
EUGENE A. MANFRINI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 16, 1975.
Decided October 15, 1975.
*391 Before Judges FRITZ, SEIDMAN and MILMED.
Messrs. Braun & Braun, attorneys for appellant (Mr. Julius Braun, on the brief).
Messrs. Starkey, Turnbach, White & Kelly, attorneys for respondent.
PER CURIAM.
Plaintiff Marcia P. Manfrini appeals from an order of the Chancery Division sustaining its prior dismissal of her complaint and denying her leave to amend that complaint to add a third count for alimony, equitable distribution of property, counsel fees and costs.
The parties were married in Yonkers, New York, on February 19, 1954 and they maintained a matrimonial domicile in New York State until October 1973. In 1965 they purchased, as tenants by the entirety, a one-family four-bedroom Cape Cod house in Lavallette, New Jersey. During the latter part of 1973 or the early part of 1974 plaintiff moved into the home in Lavallette. She is employed as a charge nurse in Point Pleasant Hospital. Defendant continued to *392 reside in Manhattan. He is a self-employed piano technician. Two daughters were born of the marriage, one in September 1954 and the other in March 1959.
On April 3, 1974 defendant, Eugene A. Manfrini, commenced an action for divorce in the Supreme Court of the State of New York, New York County, alleging adultery and cruel and inhuman treatment on the part of his wife, seeking sole title to the Lavallette property, and seeking custody of the two children of the marriage. On the same day plaintiff was personally served in New Jersey with process in the New York action. On June 14, 1974, upon Mrs. Manfrini's default in the New York action, defendant was granted a divorce on the ground of adultery. The New York Supreme Court transferred for trial to another part of that court the cause of action to determine title to the Lavallette property. On August 2, 1974 the New York Supreme Court awarded sole title to the Lavallette property to defendant.
On April 30, 1974, after she had been served with process in the New York action, plaintiff commenced an action in the Chancery Division of the Superior Court of this State for separate maintenance and divorce on the ground of extreme cruelty. In her complaint she sought, among other things, support, a judgment of divorce, award of custody of the children to defendant with reasonable visitation rights to her, equitable distribution of the property acquired by defendant during the marriage, and counsel fees and costs. On the same day the Chancery Division, on plaintiff's petition, issued an order requiring defendant to show cause on June 17, 1974 why an order should not be made restraining him from proceeding further with the prosecution of the New York action and from instituting and prosecuting any other proceeding against plaintiff "which would involve property acquired during the marriage, in the State of New York, or elsewhere than New Jersey," pending the New Jersey action Defendant moved to dissolve the order to show cause and dismiss the complaint and plaintiff's motion for pendente lite relief.
*393 Following a hearing on June 17, 1974 the trial judge found that the Supreme Court of the State of New York had in personam jurisdiction over plaintiff in defendant's action against her pending in that court, and that the Superior Court of New Jersey had in personam jurisdiction over defendant in plaintiff's action against him in the Chancery Division. The judge refused to restrain defendant in the prosecution by him of his action in New York and denied the motion to dismiss plaintiff's complaint in the Chancery Division. In the answer to the complaint which he subsequently filed, defendant, among other things, referring to the judgment of divorce "entered in the Supreme Court of New York on June 14, 1974," pleaded as defenses res judicata and reliance on the Full Faith and Credit Clause of the federal Constitution. On August 14, 1974 his renewed motion to dismiss the complaint in the Chancery Division was granted. By order of September 27, 1974 the trial judge denied plaintiff leave to amend her complaint by adding a third count for alimony, equitable distribution of property and counsel fees and costs, and sustained his prior dismissal of the complaint. We affirm that action.
Plaintiff emphasizes on this appeal that she "was not seeking a restraint prohibiting the defendant from proceeding with his divorce action in New York," but rather that her application to the trial judge "was only to restrain the defendant from taking any action in the divorce court in New York that would affect the equitable distribution of property in New Jersey." She contends that the trial judge erred in holding that it could not so restrain defendant and in dismissing her complaint which sought equitable distribution of the property located in New Jersey. She urges that the provisions of N.J.S.A. 2A:34-23, as amended in 1971, "mandate a conclusion that, regardless of the New York action, the New Jersey court has jurisdiction to equitably distribute the property of the parties located in New Jersey." We find no merit in these contentions.
*394 The enforcement of N.J.S.A. 2A:34-23 is subject to the limitations of the Full Faith and Credit Clause of the federal Constitution. Woodhouse v. Woodhouse, 17 N.J. 409, 415 (1955). See also, Meeker v. Meeker, 52 N.J. 59 (1968); Woliner v. Woliner, 132 N.J. Super. 216, 221 (App. Div. 1975), aff'd 68 N.J. 324 (1975); Newgard v. Newgard, 111 N.J. Super. 515 (Ch. Div. 1970). In Woodhouse the court added that
* * * a judgment of foreign state must be granted full faith and credit in its entirety in this State when such judgment has the requisite finality and is not subject to future modification and it appears from the record that the jurisdictional requirements applicable to both the subject matter and the person were present when the judgment was entered. [at 415-416]
In the circumstances disclosed in the record in this case each of the New York judgments, i.e., the judgment of divorce of June 14, 1974 and the judgment of August 2, 1974 awarding sole title to the Lavallette property to the husband must, accordingly, be granted full faith and credit in its entirety in this State. In each instance the prerequisites for such recognition set out in Woodhouse are fully met. The parties were married in New York in 1954. For 19 years they maintained their matrimonial domicile in that State. The wife was personally served with process in the New York action. Not only was she aware of the pendency of that action against her but she had full opportunity to answer the complaint and enter into all phases of the proceedings. She chose to default. Each judgment has the requisite finality. Since the New York judgment of divorce was granted by reason of the wife's misconduct (adultery), alimony may not be awarded to her under New York law. Cf. Domestic Relations Law (N.Y.), § 236, fourth sentence, clause (2), 14 McKinney's Consolidated Laws of New York Annotated, Domestics Relations Law, § 236. As pointed out in Mellen v. Mellen, 46 App. Div.2d 790, 361 N.Y.S.2d 28 (App. Div. 1974):
*395 It is beyond cavil that section 236 of the Domestic Relations Law negates the obligation of a husband to pay alimony to a wife where he has obtained a divorce based upon her misconduct. [361 N.Y.S.2d at 29]
This aspect of the New York judgment of June 14, 1974 was thus properly afforded full faith and credit by the action of the trial court under review. Cf. Newgard v. Newgard, supra, 111 N.J. Super. at 518. Additionally, the ancillary judgment of the New York Supreme Court of August 2, 1974 awarding the husband sole title to the Lavallette property was, in the circumstances, clearly final and binding upon the wife and required to be given full faith and credit by our trial court. Higginbotham v. Higginbotham, 92 N.J. Super. 18, 36 (App. Div. 1966).
It clearly appears from the record that the jurisdictional requirements applicable to both the subject matter and the person were present when each of the New York judgments was entered. On the record before us we are entirely satisfied that the trial court acted properly in sustaining its prior dismissal of plaintiff's complaint in the Chancery Division and denying her leave to amend that complaint to add a third count for alimony, equitable distribution of property, counsel fees and costs.
The order under review is affirmed.