146 N.J. Super. 51 (1976)
368 A.2d 967
DIAN WOODRUFFE (FORMERLY DIAN DeMOLA), PLAINTIFF,
v.
LOUIS JOSEPH DeMOLA, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 30, 1976.
*52 Mr. George D. Whitmore, for plaintiff (Messrs. Parsons, Canzona, Blair & Warren, attorneys).
Mr. James W. Broscious, for defendant (Messrs. Stover, Stover & Broscious, attorneys).
YACCARINO, J.S.C.
The genesis of this opinion is an issue which has been avoided on innumerable occasions by property settlements between divorcing parties and which, apparently, has never been addressed by our courts. Simply stated, the issue before the court is whether a party, after a valid divorce in a sister state, may obtain equitable distribution of a res located within this State, where the sister state's divorce laws affect property by operation of law.
Plaintiff wife and defendant husband were lawfully married on February 14, 1964, in Miami, Florida. The parties *53 lived as husband and wife in this jurisdiction until some time in 1972, when defendant established domicile in Florida. Thereafter, defendant instituted a divorce proceeding against his wife; she entered a general appearance in that action.
A "Final Judgment Dissolving Marriage" was rendered by the Circuit Court of the 11th Judicial Circuit of Dade County, Florida, on August 30, 1972. That judgment awarded plaintiff custody of the two minor children born of the marriage[1] and the court reserved jurisdiction to enforce or modify an agreement for support of the children arranged between the parties. Importantly, the decree is silent as to the division or disposition of either personalty or realty which was then held by the parties as tenants by the entirety.
Plaintiff later remarried. She and her husband took up residence with the two minor children at what may be referred to as the DeMola marital home. Thereafter, on or about December 13, 1974, plaintiff filed a complaint seeking equitable distribution of all property, both real and personal, which was legally and beneficially acquired by the parties, or either of them, during the marriage. In particular, plaintiff seeks equitable distribution of the marital home located in this jurisdiction which was the principal asset acquired by the parties during the marriage.
Plaintiff takes the position that since the Florida decree is silent as to the disposition of personalty and realty, which personalty and realty are located within this State, this court has jurisdiction to decide the manner in which that property should be divided. Defendant, who counterclaims for partition, takes the position that since the State of *54 Florida had jurisdiction over both of the parties, and since the validity of the Florida decree has not been challenged, Florida law should apply. Counsel have stipulated that Florida does not have an equitable distribution statute, following, instead, common law rules, and that under Florida law where a husband and wife who own property as tenants by the entirety are divorced they become, as a matter of law, tenants in common.[2] Accordingly, the issue, as refined, may be restated as follows: As to real property located in this State, does the full faith and credit clause, U.S. Const. Art. IV, § 1, mandate that this court recognize the conversion of estates achieved pursuant to Florida law and preclude the court from applying New Jersey's equitable distribution statute, N.J.S.A. 2A:34-23? The court answers this question in the affirmative.
The court hardly need pause to note that a valid divorce decree of a sister state is entitled to full faith and credit and must be recognized in this State. E.g., Woodhouse v. Woodhouse, 17 N.J. 409, 415-16 (1955); Manfrini v. Manfrini, 136 N.J. Super. 390, 394 (App. Div. 1975); Woliner v. Woliner, 132 N.J. Super. 216, 221 (App. *55 Div.), aff'd o.b., 68 N.J. 324 (1975); Lawrence v. Lawrence, 79 N.J. Super. 25, 32 (App. Div. 1963); see Meeker v. Meeker, 52 N.J. 59 (1968). In addition, it must now be regarded as settled that a valid divorce decree of a sister state may affect property located within New Jersey, and that such determination is, similarly, entitled to full faith and credit. E.g., Manfrini v. Manfrini, supra, 136 N.J. Super. at 395; Higginbotham v. Higginbotham, 92 N.J. Super. 18, 36 (App. Div. 1966); Restatement, Conflict of Laws 2d § 102 & comment (d) (1971).
Examination of case law reveals that in considering whether a foreign decree may affect real property located within its jurisdiction, a court normally draws a distinction between those decrees which purport to directly affect title and those which indirectly affect such realty by means of an in personam decree operating upon a party over whom the court has personal jurisdiction. Higginbotham v. Higginbotham, supra, 92 N.J. Super. at 27-30. See generally, Annot., 34 A.L.R.3d 962; Restatement, Conflict of Laws 2d, § 102 & comment (d) (1971). This court is of the opinion, however, that such considerations are not involved in this case. Here, real property held by the parties, as tenants by the entirety is converted into an estate held by them as tenants in common, as a matter of Florida law. As such, this situation represents a hybrid of the foregoing positions.
It is true, on the one hand, that title to the real property is directly affected, but the conversion of estates involved is not the result of a purported exercise of in rem jurisdiction by the Florida court. Rather, the touchstone for said conversion is the personal jurisdiction the Florida court had over both of the parties, as a result of which property held by the parties became subject to distribution according to Florida law. Pursuant thereto, the judgment granting dissolution of the marriage operated automatically to convert the property from an estate held as tenants by the entirety to an estate held as tenants in common.
*56 Importantly, this court recognizes that under Florida law the foregoing result need not occur under all circumstances. For example, at the time of the divorce it was within plaintiff's power to bring special equities to the court's attention which would have permitted the court to divide such property according to the true legal and equitable interests of each party therein. Moreover, had the parties litigated the issue, the Florida court could have awarded lump sum alimony. See note 2 supra. Such disposition would have placed within the court's purview that type of situation mandating effectuation by way of a personal order directed to one of the parties  the traditional mode whereby a foreign court may affect a res located in another jurisdiction.
Not having raised such issues before the Florida court, plaintiff is estopped from relitigating the matter here. Considerations of res judicata mandate that the Florida divorce decree not be disturbed, and the constitutional principle of full faith and credit requires that such decision be afforded recognition in this state. See 24 Am. Jur.2d, Divorce and Separation, § 997. Based upon the foregoing, the court holds that plaintiff is not entitled to equitable distribution of the marital home located in this jurisdiction. Accordingly, plaintiff's interest in said property is limited to that of tenant in common, along with her ex-husband, owning an undivided one-half interest in the property, which result was achieved as a matter of Florida law, both parties having been properly within the jurisdiction of the courts of that state. This is so because full faith and credit commands that this court "grant no more or no less relief than would be afforded in the rendering state." Newgard v. Newgard, 111 N.J. Super. 515, 518 (Ch. Div. 1970) (New Jersey court precluded from awarding alimony based upon alleged changed circumstances of wife who had secured divorce in sister state which, under the laws of that state, terminated husband's duty of *57 support; "divisible divorce" doctrine not applicable). See Manfrini v. Manfrini, supra, 136 N.J. Super. at 394-395.
Manfrini is strong support for the result achieved in this case. There defendant husband obtained a valid divorce in New York, and in a separate proceeding a New York court awarded defendant sole title to property located within New Jersey. Thereafter, plaintiff wife commenced an action in this State for separate maintenance and divorce and later sought leave to amend her complaint to add a third count seeking, among other relief, equitable distribution of the marital home in this State which the parties had held as tenants by the entirety during the marriage. Plaintiff's complaint was dismissed and leave to amend the same denied. In affirming, the Appellate Division noted that plaintiff had been personally served in the New York action, she was aware of the pendency of the action against her, and had complete opportunity to respond therein. Therefore, since it appeared that the jurisdictional requirements were met when the New York judgments were rendered, the court held that full faith and credit must be afforded to those judgments, including that which gave defendant husband sole title to the property within this State.
Woliner v. Woliner, supra, which held that a foreign divorce may serve as a basis for equitable distribution, is not to the contrary. As defendant is quick to point out, Woliner involved a "divisible divorce" problem  plaintiff wife did not personally appear in the sister state proceeding, and the judgment of divorce expressly avoided any adjudication with respect to property rights. Plaintiff readily concedes the foregoing; however, she argues that the present case is similar to Woliner in that the Florida judgment abstained from adjudicating property rights. This argument is without merit.
As previously noted, the parties' property was affected as a matter of Florida law. Plaintiff could have taken action in the Florida court to seek a different disposition of the property but failed, for whatever reason, to do so. Now, *58 full faith and credit precludes the court from altering Florida's divorce decree. Accordingly, this court reaffirms the holding reached herein. The Florida divorce decree based upon personal jurisdiction over both parties which converted property from a tenancy held by the entireties to a tenancy in common as a matter of law is entitled to full faith and credit in this State. Therefore, plaintiff is not entitled to equitable distribution of the marital home located in this State, and defendant's motion for summary judgment on his counterclaim for partition, which, it is to be noted, is a proper remedy under both Florida law and the laws of this State in the absence of equitable distribution, is granted.
NOTES
[1] It may be noted, parenthetically, that at the time of the decree plaintiff was a bona fide resident of this state and the two minor children resided with plaintiff. Thus, Florida's ability to grant custody of the children is questionable; however, the issue has not been raised and the parties are apparently content with the result; therefore, the court will not address this issue.
[2] Counsels' stipulation may be fleshed out as follows. Fla. Stat. Ann. § 689.15 provides in pertinent part that "in cases of estates by entirety, the tenants, upon dissolution of marriage, shall become tenants in common." Such result obtains in the normal course, unless a party moves to the contrary. See Collazo v. Collazo, 318 So.2d 164 (Fla. D. Ct. App. 1975) (upon dissolution of marriage, ex-wife ordinarily becomes owner of undivided one-half interest as tenant in common with former husband in land owned by spouses as estate by entirety); Baker v. Baker, 315 So.2d 217, 218 (Fla. D. Ct. App. 1975) (generally, in cases of estates by entirety, tenants, upon dissolution of marriage, become tenants in common; party may be awarded all or part of estate by entirety where such party establishes a special equity, where there is a lump sum alimony, or where there is a prayer for partition pursuant to statute); Toby v. Toby, 280 So.2d 523, 524 (Fla. D. Ct. App. 1973) (once estate by entirety becomes estate in common upon entry of judgment of divorce, parties thereafter must determine whether property should be divided, or whether one party should purchase interest of other, unless suit for partition properly brought).