148 N.J. Super. 574 (1977)
372 A.2d 1331
JOHN PIERRAKOS, PLAINTIFF-RESPONDENT,
v.
REGONE PIERRAKOS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1977.
Decided March 21, 1977.
*575 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Richard J. Weber argued the cause for appellant (Messrs. Madnick, Milstein and Mason, attorneys).
Mr. Arne Siegel argued the cause for respondent.
The opinion of the court was delivered by HORN, J.A.D.
Defendant Regone Pierrakos is the former wife of plaintiff John Pierrakos. She appeals from a summary judgment entered in the trial court dismissing her answer and counterclaim and directing the partition of the former marital domicile of the parties.
As will be seen from the following recital, the focal question is whether defendant is entitled to equitable distribution as to the residence formerly occupied by them in Monmouth Beach, New Jersey. The trial judge, in granting judgment *576 for plaintiff, decided as a matter of law that she was not so entitled.
The parties were married in 1950 or 1954[1]. Two children were born of the marriage, both of whom are now over 18 years of age. In 1958 the parties purchased the subject house and lot as tenants by the entirety and it served as their home until August 1969, when plaintiff, a practicing psychiatrist, moved to New York City where he presently resides and practices his profession. Defendant continued to reside and still resides in said house.
In December 1970 plaintiff instituted an action for divorce in the Supreme Court of the State of New York. Defendant was personally served with a summons in New Jersey. Then followed a series of proceedings in that action which, according to affidavits of defendant and her New York attorney, resulted in an unjustifiable judgment of divorce by default against defendant. It would serve no useful purpose to review the alleged proceedings, because efforts to reopen the default judgment were pursued in the courts of New York without success. We are not at liberty to disregard their determinations. However, personal jurisdiction over defendant was achieved in those proceedings. On January 17, 1972, following an uncontested hearing plaintiff recovered the judgment of divorce in New York on the ground that defendant's treatment of plaintiff was "cruel and inhuman" and "without just cause or provocation." That judgment additionally provided for joint custody of the children as well as the amount to be paid by plaintiff for their support and maintenance.
An examination of the transcript of the divorce hearing, singularly notable for plaintiff's minimally required responses *577 to leading questions propounded by his attorney, discloses that there was no mention of the needs of the children as a basis for the amount of their support and no mention of the marital premises or any other item concerned with the marriage. While the proceedings instituted by plaintiff in New York were pending, defendant instituted an action in the Chancery Division of the New Jersey Superior Court for a divorce. This action was subsequently dismissed on plaintiff's motion because of the earlier acquired jurisdiction of the Supreme Court of the State of New York.
In June 1975, about 2 1/2 years after the divorce judgment in New York, defendant filed a complaint for equitable distribution of the former marital domicile. An attempt to serve a copy of the complaint and summons upon plaintiff was unsuccessful, information having been furnished by the office of the Sheriff of New York County "defendant is avoiding service and would not make himself available for service of process."
Shortly thereafter plaintiff initiated the instant action for partition of the marital home. Defendant then filed an answer and counterclaim by which, in addition to other relief, she sought equitable distribution of the premises and consolidation of her action for equitable distribution with that of her former husband for partition. After hearing argument the trial judge determined that the New York judgment was entitled to full faith and credit and that
* * * the New York statute precluding alimony in cases of marital fault established on the part of the wife would preclude alimony here and by extension would preclude equitable distribution in New Jersey. Manfrini v. Manfrini, 136 N.J. Super. 390 (App. Div. 1975). Accordingly, there is no authority in this court to award equitable distribution to defendant-wife even in the absence of other factors in this case.
The judgment from which this appeal was taken reflects this holding.
Defendant first argues that the judgment of divorce granted in the State of New York is not entitled to full *578 faith and credit. We summarily reject this argument since it rests upon the contents of an affidavit of defendant and an "affirmed statement" of her New York counsel which were submitted to the Supreme Court of New York in connection with her efforts to obtain an order opening the default, vacating the judgment and permitting her to defend the action brought by respondent in that state. Mrs. Pierrakos does not claim that the court which granted the divorce judgment did not acquire personal jurisdiction over her. She merely asserts that the Supreme Court of New York erred in refusing to permit her to contest the action of respondent in their courts and that no personal service of the complaint for divorce was made upon her.
We may not find that the New York court lacked jurisdiction over defendant merely because we may not agree with the conclusion of that court. In view of her entry of an appearance there, although belatedly, we cannot say that the court did not obtain personal jurisdiction over her merely because she was not personally served before she entered her appearance. Significantly, she furnishes us with no authority for her contentions on this point.
Defendant next urges that even if the judgment entered in New York is entitled to full faith and credit, the courts of this State have jurisdiction on the issues of alimony, child support, equitable distribution and other equitable relief. Since appellant's appeal is expressly limited to the matter of equitable distribution as to the former marital home, we do not comprehend the reason for attempting to inject other issues in this appeal. We confine our determination to the single issue of whether the trial judge properly determined he had no authority to award equitable distribution.
Respondent asserts that the trial judge's decision was correct because the entry of the valid New York divorce converted the estate by the entirety into one of a tenancy in common, Peff v. Peff, 2 N.J. 513 (1949); Eberle v. Somonek, 24 N.J. Super. 366 (Ch. Div. 1953), aff'd o.b. *579 27 N.J. Super. 279 (App. Div. 1953); that we are required to accord full faith and credit to the judgment entered in New York under the Full Faith and Credit Clause of the Federal Constitution, Woodhouse v Woodhouse, 17 N.J. 409 (1955), and that Manfrini v. Manfrini, 136 N.J. Super. 390 (App. Div. 1975), is dispositive of the issue. We do not agree.
The Full Faith and Credit Clause and its implementing statute, 28 U.S.C.A. § 1738, require that judgments of the courts of one state be given the same faith and credit in sister states as they have by law or usage in the state rendering them. State v. Pitner, 42 N.J. 251, 255 (1964). But the New York judgment is entitled to no further effect in another state than it has in that jurisdiction. Chirelstein v. Chirelstein, 12 N.J. Super. 468, 480 (App. Div. 1951).
A judgment of a sister state is res judicata as to all matters in issue and determined by the judgment. It is also binding as to all issues necessarily implied in or to be inferred from the judgment in the sense that the judgment could not have been rendered without the finding or determination of such matters, or which might have been litigated and decided as incident to or essentially connected with the subject matter of the foreign suit. 50 C.J.S., Judgments, § 891b at 494. But a judgment is not conclusive as to any matters which might have been brought into the litigation or causes of action which plaintiff might have joined but which in fact were neither joined nor embraced by the pleadings. Id. at 495. See also Chirelstein v. Chirelstein, supra.
The State of New York has not adopted an "equitable distribution" law similar to that of our State, N.J.S.A. 2A:34-23. Consequently that issue could not have been raised by plaintiff in the New York court. We recognize, as stated in Manfrini v. Manfrini, supra 136 N.J. Super. at 394, that a divorce granted in New York for the wife's misconduct forecloses her right to alimony. However, marital fault plays no part in the determination of the allowance *580 of equitable distribution. Painter v. Painter, 65 N.J. 196, 211; Chalmers v. Chalmers, 68 N.J. 186, 193 (1974). See also, Rothman v. Rothman, 65 N.J. 219, 228-229 (1974). Therefore, the New York judgment of divorce resting on defendant's culpability did not by implication or otherwise raise a barrier to consideration of her claim for equitable distribution in this State.
The legislative policy behind the enactment of the distribution law as interpreted by our Supreme Court was to further, without regard to marital fault, the financial security of divorced spouses by providing as far as possible for the independence of one from the vicissitudes of the other. In addition, the enactment recognized the marriage "partnership" and the respective contributions of the partners to the union's economic status. Rothman v. Rothman, supra 65 N.J. at 228-229.
The trial court's reliance on Manfrini v. Manfrini, supra, was misplaced. Although there is marked similarity of facts in Manfrini and the instant case, there is one distinguishing feature which the trial judge obviously overlooked. The similarities are that the respective husbands obtained divorces in the Supreme Court of the State of New York; in both cases that court secured personal jurisdiction over the defendant wives and granted divorces because of their respective marital faults. In each case the wife subsequently sought equitable distribution in the Chancery Division of the New Jersey Superior Court as to real property in New Jersey owned by the parties as tenants by the entirety before the divorce judgment. However, the effective difference is that in Manfrini the New York court, in an ancillary proceeding following the judgment for divorce, had in fact awarded the husband sole title to the subject real estate. See Higginbotham v. Higginbotham, 92 N.J. Super. 18, 36 (App. Div. 1966). Consequently, as held by the Manfrini court, it was precluded by the Full Faith and Credit Clause from granting equitable distribution to the wife as to the subject property.
*581 Woliner v. Woliner, 132 N.J. Super. 216 (App. Div. 1975), aff'd o.b. 68 N.J. 324 (1975), declared that, notwithstanding the entry of a divorce judgment in a sister state where there was constructive service upon the defendant spouse, the latter could maintain an action for equitable distribution against her former spouse in New Jersey where she continued to reside. Thus, it was established that the right to such relief was not dependent upon "the place where the divorce was obtained." Cf. Kram v. Kram, 52 N.J. 545 (1968), dealing with the "divisible divorce concept."
The trial judge in the instant case appears to have equated "by extension" the effect of the New York judgment on defendant's right to alimony with her right to equitable distribution. As already observed, the right to alimony was adjudicated against her by the determination that she had committed the marital fault. There was no similar adjudication as to equitable distribution, because of the lack of such a remedy in New York.
We do not regard the conversion of ownership of the real estate by the judgment of divorce from one by the entirety to one in common as an adjudication so as to bar defendant's right to equitable distribution. The dissolution of the marriage operates upon our law to effect this change, not the adjudication that plaintiff was entitled to the divorce. Even if the Supreme Court of New York had not obtained personal jurisdiction so that a personal as distinguished from an in rem judgment could not be entered, the parties would have held title in common rather than by the entirety. Lawrence v. Lawrence, 79 N.J. Super. 25, 33 (App. Div. 1963); Eberle v. Somonek, supra. Thus the instant case differs from those like Higginbotham v. Higginbotham and Manfrini v. Manfrini, both supra, where the foreign courts actually directed the transfer of title from one spouse.
Equitable distribution in our State may be applied to either jointly or solely held property acquired during coverture. *582 N.J.S.A. 2A:34-23; Painter v. Painter, supra. The lack of effect of the New York judgment on the right of defendant to equitable distribution is somewhat demonstrated by assuming only for the sake of illustration that title to the subject house had always been in defendant alone. In such case, except for barring plaintiff's curtesy right, the judgment would not affect the title.
It is difficult to determine whether Woodruffe v. DeMola, 146 N.J. Super. 51 (Ch. Div. 1976), holds differently, since in that case the court dealt with aspects of the law of Florida which are not present in the case before us. To the extent, however, that the holding in that case conflicts with our views, it is disapproved.
For the foregoing reasons the judgment from which defendant appeals is reversed. The matter is remanded to the trial judge to determine to what extent, if any, defendant is entitled to equitable distribution within the holding hereof and to enter judgment in her favor for such distributive share of the subject premises which is deemed equitable under the guidelines laid down in Painter v. Painter, supra. We do not retain jurisdiction.
NOTES
[1] Pleadings of the parties differ as to the date of marriage. Plaintiff asserts it took place in 1950; defendant asserts it took place in 1954. The date is not crucial to our determination. It may be significant as to equitable distribution. See Painter v. Painter, 65 N.J. 196 (1974).