■ MARION ZELLER, Appellant, v JOHN O. ZELLER, Respondent.—Judgment unanimously reversed, on the law, with costs, and complaint reinstated. Memorandum: Plaintiff, Marion Zeller, appeals from a judgment dismissing her complaint for arrears due under a separation agreement. The trial court held that the terms of the separation agreement did not survive a Nevada divorce decree. Plaintiff and defendant, John Zeller, were married in New York in 1964. While residents of New York the parties entered into a separation agreement in April, 1966 pursuant to which the defendant husband agreed to pay plaintiff wife $65 per month for her support and maintenance. Payments were made until September, 1968 when plaintiff was served personally in New York with a summons and complaint in a divorce action instituted by her husband in Nevada. Neither plaintiff nor her attorney appeared in the action. On October 18, 1968 a Nevada decree of divorce was issued in favor of the husband against his plaintiff wife. The divorce decree made no reference to the previous New York separation agreement and did not provide for support of the wife. The instant proceeding for arrearages under the separation agreement was commenced by plaintiff in October, 1971 claiming $3,380 due with interest from April, 1969. The question presented is whether a Nevada divorce decree obtained upon personal service of the summons and complaint on the wife in New York State, but without her personal appearance in Nevada or waiver thereof, terminates the wife's right to support under the previously executed separation agreement entered into in New York. We find that it does not. The law is well settled that a foreign divorce obtained by one of the parties who has established domicile in the foreign State is entitled to full faith and credit in New York State (Williams v North Carolina, 325 US 226). The reason for the rule is that one of the parties to the marriage submits the "marital status" to the jurisdiction of the foreign court. It is equally well settled, however, that while the out-of-State court may validly change the status of the marriage by its orders, it may not alter the property rights of the other party to the marriage who has not personally submitted to the

foreign jurisdiction. In this case the wife has attempted to assert her right to support based upon the separation agreement in a court action initiated subsequent to her husband obtaining a Nevada divorce. Clearly, a sister-State court, absent personal jurisdiction of the parties, has no power to abrogate a right to support reduced to judgment in New York prior to the divorce *(Kreiger v Kreiger,* 297 NY 530, affd 334 US 555; *Estin v Estin,* 296 NY 308, affd 334 US 541; cf. *Lynn v Lynn,* 302 NY 193, cert den 342 US 849). Simply because the wife's action for support is brought subsequent in time to the divorce and that her rights have not been reduced to judgment does not serve to bar her action under the contract *(Vanderbilt v Vanderbilt,* 1 NY2d 342, affd 354 US 416; *Armstrong v Armstrong,* 350 US 568). A valid existing contract made between New York domiciliaries, one of whom continues to reside here, is as entitled to be enforced in the courts of this State as would be a court ordered direction for support. The Nevada divorce decree effectively terminated the marriage, but had no effect on the wife's contractual rights for support against her husband *(Vanderbilt v Vanderbilt, supra; Armstrong v Armstrong, supra; De Pena v De Pena,* 31 AD2d 415). (Appeal from judgment of Jefferson Supreme Court—arrearages—support.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.