BERTHA TEHSMAN

*v.*

REINHOLD TEHSMAN.

[Submitted December 14th, 1920.   Decided March 10th, 1920.]

1. In a suit by a wife against her husband from whom she had obtained a divorce in New York for extreme cruelty—*Held*, that as to accrued installments of alimony the New York decree was entitled to full faith and credit, but not as to future installments, since the New York courts have power to annul, alter or modify installments not yet accrued, but have no such power as to past-due installments.

2. Since the New York decree established all the facts which, if presented in the New Jersey court, would result in holding the defendant guilty of constructive desertion, the complainant would be allowed, under the twenty-sixth section of the Divorce act, a sum for separate maintenance from the defendant who had contributed nothing to her support.

---

On bill, &c.

*Mr. G. Earl Brugler,* for the complainant.

*Mr. J. Emil Walscheid,* for the defendant.

GRIFFIN, V. C.

The above cause seems in every respect quite like the case of *Freund* v. *Freund, 71 N. J. Eq. 524; affirmed, 72 N. J. Eq. 943.* The parties were married in New York on February 17th, 1914. The wife obtained a divorce from bed and board in the supreme court of New York, in the county of Kings, on June 19th, 1916, on the ground of extreme cruelty, such as would justify a decree for constructive desertion in New Jersey; and, consequently, if she left him under such circumstances, the husband would be guilty of an abandonment, and if he failed to support her, she would be entitled to separate maintenance under the twenty-sixth section of our act. This decree is offered in evidence, and is conclusive proof of the issues litigated, and which, if proven here, would justify a divorce for constructive desertion. *Freund* v. *Freund, supra.*

In the *Freund Case* the bill was filed to recover past-due alimony, as well as to have a sum allowed for maintenance under the twenty-sixth section. Vice-Chancellor Emery, on the authority of *Lynde* v. *Lynde, 181 U. S. 183,* held that the decree for alimony in New York was subject to modification and alteration, and was, therefore, not a final decree to which full faith and credit should be given under the federal constitution; but entertained the bill, under the twenty-sixth section of the Divorce act, for future maintenance, and made the allowance accordingly.

In *Sistare* v. *Sistare, 218 U. S. 1; 30 S. C. Rep. 682,* the whole matter was reviewed and the law settled. The case dealt with an attempt to enforce a decree of the supreme court of New York for past-due alimony in the supreme court of errors of Connecticut. The case did not deal with questions as to alimony not accrued. The Connecticut court held, in effect, that the decree of the New York court was not final and not entitled to full faith and credit under the federal constitution. The pith of the decision of the *Sistare Case,* reversing the Connecticut court, is

that, under the statutes of New York then existing, a decree of alimony was a final decree, and, as each installment matured, it automatically became a debt of record to which full faith and credit should be given in a suit thereon in a sister state, because, as to such accrued installments, there was no power in the courts of New York to annul, alter or modify. (See, also, *Bolton* v. *Bolton, 86 N. J. Law 69; Idem. 622.*) But it appears by the laws of New York that, as to installments not yet accrued, there is this power to annul, alter or modify, and, therefore, before it becomes due, it is not a final decree; thus the *Freund Case* stands as the law as to future maintenance. The evidence is quite clear that the decree of the court of New York establishes all the facts which, if presented to the court here, would result in holding the defendant guilty of constructive desertion; and he is therefore guilty of abandonment under the twenty-sixth section. It is also clear that he has contributed nothing to her support, and, therefore, the abandonment, and the failure to support concurring, the complainant is entitled to a decree, and I will so advise.