<hr />

BERTHA TEHSMAN

*v.*

REINHOLD TEHSMAN.

[Decided March 6th, 1922.]

1. A husband's separation from and neglect to care for and support his wife constitute an abandonment within the Divorce act, section 26, though the wife in the meantime recovers a decree for separation and separate maintenance in another state.

2. In an abandoned wife's suit for separation under section 26 of the Divorce act, a foreign decree by a court having jurisdiction of the parties and subject-matter, granting her a separation and an allowance for support, is conclusive evidence of the husband's abandonment from the date therein fixed.

3. In an abandoned wife's suit for separate maintenance, the court of chancery may allow a weekly sum for her support from the date of the filing of the bill.

4. In an abandoned wife's suit for separate maintenance a letter from the defendant to the complainant, after a foreign decree granting the complainant a divorce *a mensa et thoro*, expressing a desire to resume marital relations, was properly excluded, such repentance, even if honest, being too late.

93 N. J. Eq.    Tehsman v. Tehsman.

On appeal from a decree in chancery advised by Vice-Chancellor Griffin, whose opinion is reported in *93 N. J. Eq. 76.*

*Mr. J. Emil Walscheid,* for the appellant.

*Mr. G. Earl Brugler,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed by Bertha Tehsman against her husband for support and maintenance under the statute (Divorce act, *Rev. of 1907 § 26; Comp. Stat. p. 2033*). The proof showed that the parties were married in Brooklyn in 1914; that they lived together in the city of New York until March, 1916, when the complainant left her husband's home on account of the latter's extreme cruelty to her; that almost immediately afterward she brought suit in the supreme court of the State of New York for a divorce *a mensa et thoro;* that the suit was defended by the husband and that judgment was entered therein in favor of the wife on June 9th, 1916, and that alimony in the sum of $10 per week was awarded her for her support and maintenance. Shortly after that time the defendant removed to this state and has lived here ever since.

The bill was filed July 15th, 1918, and the final decree was entered April 21st, 1921. By it the complainant was adjudged to be entitled to the relief provided by the section of the statute above referred to, and the defendant was directed to pay her the sum of $10 for each and every week from the date of the decree until the further order of the court, and also a like sum for the period which had elapsed between the filing of the bill and the entry of the final decree, amounting in all to $1,110. From this decree the defendant has appealed.

The principal ground upon which the appellant seeks to reverse the decree is that the court of chancery was without jurisdiction to make it, for the reason that whatever rights the complainant had against the defendant for separate support and maintenance were merged in the New York judgment, and that for this rea-

son the facts which are heretofore set out did not warrant the making of that decree. The fallacy of this contention is made apparent by a reference to our earlier decision in the case of *Freund* v. *Freund, 71 N. J. Eq. 524.* In that case we held that where a husband had finally separated himself from his wife and neglected to care for and support her, his act constituted an abandonment within the meaning of the twenty-sixth section of our Divorce act, although the wife, in the meantime, had recovered a decree for separation and separate maintenance against him in another state. We also held that where in a suit brought by an abandoned wife for separate maintenance, under our statute, she pleaded a foreign decree granting her a separation from her husband and a weekly allowance for support, and it appeared that the court rendering such decree had jurisdiction of the parties and the subject-matter, such decree was conclusive evidence of the husband's abandonment from the date therein fixed and was sufficient to establish the allegation thereof set out in the bill of complaint filed in the case then under review. We also held that it was within the discretion of the court of chancery to allow a weekly sum for the support of the wife, to run from the date of the filing of the bill.

The learned vice-chancellor, before whom this case was heard, followed the law laid down by this court in the *Freund Case.*

It is further argued as a ground for reversing this decree that the learned vice-chancellor refused to admit a letter written by the defendant to the complainant some six months after his removal to this state, in which he expressed a desire to resume marital relations with her. The avowed purpose for which this letter was offered was to show that after its reception the defendant was no longer responsible for the continuance of the separation existing between him and his wife, and that for this reason the complainant was not entitled to the benefit of the twenty-sixth section of our Divorce act. In our opinion the letter was properly excluded. Assuming that it was written in good faith and showed an honest repentance on the part of the husband for his cruel treatment of the complainant, his repentance came too late to be of any avail to him so far as his legal responsibility to support his wife in a state of separation was concerned. The

decree of the New York court established her right to live apart from him for the rest of her life if she wished to do so, notwithstanding any effort on his part to bring her back, and his tardy repentance not existing until after that decree was entered cannot operate to deprive her of the right thereby conferred upon her.

The decree appealed from will be affirmed.

*For affirmance*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Katzenbach, White, Heppenheimer, Williams, Gardner, Ackerson, Van Buskirk—15.

*For reversal*—None.