DOROTHY L. NOEL, complainant,

*v.*

HENRY N. NOEL, defendant.

[Decided June 23d, 1937.]

*Mr. Lionel P. Kristeller,* for the complainant.

*Messrs. Kalisch & Kalisch,* for the defendant.

HERR, A. M.

For the purposes of the motion the conceded facts are that in March of 1934, while the parties were living in France, they entered into a contract of separation by which defendant agreed to pay complainant a fixed monthly sum of money for her support during her lifetime or until her remarriage, that thereafter complainant secured a decree of absolute divorce against defendant in the French courts; that in the divorce proceedings complainant did not pray for alimony inasmuch as defendant was then paying the monthly installments as agreed, for which reason no alimony was awarded to her; that thereafter the parties came to the United States and are now domiciled in New Jersey and that defendant has gradually reduced his payments to complainant to the extent that she complains that her present allowance is insufficient to

enable her to maintain herself in her proper station in life and according to the standards of living to which defendant has accustomed her.

The validity of the agreement and of the divorce decree is conceded. It is not contended that under the French law the failure of the decree to provide for alimony bars complainant from applying subsequently therefor in the French courts. The question for determination on this motion is whether under the facts above stated complainant's bill for alimony may be maintained.

Complainant does not seek the specific enforcement of her contract, although that remedy is available to her in this court. *Cohen* v. *Cohen, 121 N. J. Eq. 299; 188 Atl. Rep. 244; Moller* v. *Moller, 121 N. J. Eq. 175; 188 Atl. Rep. 505.* She fears that the court of errors and appeals might reverse such a decree, on the strength of its decisions in *Second National Bank v. Curie, 116 N. J. Eq. 101; 172 Atl. Rep. 560; Aiosa* v. *Aiosa, 119 N. J. Eq. 385; 183 Atl. Rep. 219,* and *Phillips* v. *Phillips, 119 N. J. Eq. 462; 183 Atl. Rep. 220.* She prefers to take what she regards as the safer course of waiving any right she may have to enforce the agreement as such and of asking the court to fix and enforce the payment of a suitable allowance to her by way of alimony.

The defendant contends that the French court has exclusive jurisdiction to decree alimony, if jurisdiction exists anywhere, because alimony is merely an incident of the decree of divorce made by that court, and that section 25 of our Divorce act, which is the sole source of this court's authority to decree permanent alimony, does not extend to cases where divorce has been decreed in a foreign state or country.

For the purposes of this motion it must be presumed that the same consequences flow from the French decree as if it were a decree of our own court. *Sturm* v. *Sturm, 111 N. J. Eq. 579, 587; 163 Atl. Rep. 5.*

In *Pierson* v. *Pierson, 15 N. J. Mis. R. 117, 129; 189 Atl. Rep. 391,* it was suggested that the court of errors and appeals, in declining by its more recent decisions to approve the use of the remedy of specific performance with respect

to the particular agreements involved in those cases, intended to designate the statutory remedy as applicable in every case in which, disregarding the agreement, a wife or ex-wife is entitled to be supported. The peculiar jurisdiction of this court in such cases is, of course, well settled. *Dennison* v. *Dennison, 98 N. J. Eq. 230; 130 Atl. Rep. 463; affirmed, 99 N. J. Eq. 883; 133 Atl. Rep. 919.* It has been emphasized and reaffirmed in the more recent court of errors and appeals cases above cited, and is there defined as the power, growing out of the existing or pre-existing marital status, in all cases where the wife or ex-wife is entitled to support, to regulate the amount of such support from time to time, to supervise agreements between the parties in that regard, to enforce such agreements if deemed just and to decline to recognize them otherwise. It is the power to enforce the husband's legal obligation to support, as distinguished from the power to enforce the contract, to fix the measure and enjoin the performance of that obligation in the form of a decree for alimony or separate maintenance, having regard to but not being controlled by any agreement which the parties themselves may have made with respect to the measure of the husband's duty.

By its recent pronouncements the court of errors and appeals has held in effect that so long as the husband's legal (as distinguished from contractual) obligation exists the parties are incompetent to make an absolute agreement fixing the measure of that obligation. Because of the lack of inherent jurisdiction to decree permanent alimony (*Freund* v. *Freund, 71 N. J. Eq. 524, 529; 63 Atl. Rep. 756; affirmed, 72 N. J. Eq. 943; 73 Atl. Rep. 1117; Hervey* v. *Hervey, 56 N. J. Eq. 424, 426; 39 Atl. Rep. 762*), it has in effect construed section 25 of the Divorce act as empowering the court to decree alimony in every case in which the husband is under such legal obligation, including such cases as that now before the court where the wife's decree of divorce was secured in a foreign jurisdiction. The same construction seems to have been applied by it in the earlier case of *Ziesel* v. *Ziesel, 93 N. J. Eq. 153, 157; 115 Atl. Rep. 435,* involving the custody and maintenance of a child of parents divorced in a foreign state.

Although it has generally been supposed that section 25 was intended to apply only where the decree of divorce has been entered in this court, the broader construction placed upon it by the court of errors and appeals rests upon established principles. It has long been settled that under that section the wife may bring proceedings for alimony at any time after she secures her decree for divorce, although the decree may contain no provision or reservation therefor. *McKensey* v. *McKensey, 65 N. J. Eq. 633; 55 Atl. Rep. 1073.* Her right to support is not affected by litigation involving the status of the marriage unless the litigation results in a decree of nullity or in an adjudication that she has been guilty of a matrimonial offense. This right is not incidental to the right to divorce. Proceedings for divorce and for alimony are distinct although they may be pending coincidentally. *Sutphen* v. *Sutphen, 103 N. J. Eq. 203; 142 Atl. Rep. 817.* They involve a different subject-matter and depend upon different jurisdictional principles. "Alimony" and "maintenance" are merely different words used in differing situations to describe the same thing., viz., the measure of the husband's duty to support. The Divorce act by its title and throughout its provisions separates the subject of support from the subject of nullity and divorce and treats them as distinct branches of jurisdiction. The jurisdictional sections 5, 6 and 7 are expressly restricted to nullity and divorce proceedings and have no application to suits for alimony or maintenance. Sections 25 and 26 stand alone, distinct from the other provisions of the statute, and contain all of the statutory provisions touching the matter of support. To give the court jurisdiction under these sections the domicile of one or both of the parties in New Jersey is not required. The proceeding is *in personam,* or if *quasi in rem* (as in *Maloney* v. *Maloney, 12 N. J. Mis. R. 397; 174 Atl. Rep. 28*) the *res* consists of the defendant's property in New Jersey, not of the status of the marriage.

The court of errors and appeals cannot be said to have definitely and finally settled the law with respect to the use of the remedy of specific performance as applied to contracts

for the support of a wife or ex-wife. *Cohen* v. *Cohen, supra.* So far it has not been called upon to deal with a suit to enforce a contract made in a foreign state, in which the protection of the fourteenth amendment of the United States constitution has been invoked, or a contract made in a foreign country (such as is involved in the present suit), in which considerations of comity may be involved. In future, no doubt, other factual situations will be presented involving still different problems. It may well be that had the present bill sought the specific enforcement of complainant's contract a decree in her favor would have been affirmed.

However that may be, inasmuch as she has elected to proceed under section 25 of the Divorce act, the broad construction of that section which has been adopted by the court of errors and appeals justifies this court in entertaining her bill.

If the French decree of divorce were invalid, this court would have unquestioned jurisdiction to grant relief to complainant under section 26. *Freund* v. *Freund, 71 N. J. Eq. 524; 63 Atl. Rep. 756; affirmed, 72 N. J. Eq. 943; 73 Atl. Rep. 1117; Tehsman* v. *Tehsman, 93 N. J. Eq. 76; 114 Atl. Rep. 320; affirmed, 93 N. J. Eq. 422; 117 Atl. Rep. 34; Reik* v. *Reik, 101 N. J. Eq. 523; 139 Atl. Rep. 385; affirmed, 103 N. J. Eq. 23; 141 Atl. Rep. 921.* To deny her relief on the ground that her decree is valid, rather than invalid, would be an unwarranted and unconscionable discrimination.

Moreover, in the words of the court in the *Dennison Case, supra,* "to accede to the contention of the defendant that by removing to this state he can thereby avoid the obligation of this contract would be, in effect, to offer New Jersey as a haven for all ex-husbands who wished to avoid the results of their alimony contracts and furnish for them a complete refuge from prosecution thereunder."

Both parties to this suit are residents of New Jersey. Complainant's support is a matter of peculiar social concern to this state. The defendant has been adjudged guilty of a matrimonial offense which has justified complainant in divorcing him. He has recognized his obligation by making a contract to support her. She alleges that she is destitute of the

means of support except as he supplies it. The matter of her support has not been the subject of adjudication. Her needs are none the less because her divorce was secured in France rather than in New Jersey and in my judgment her right to seek alimony in our courts is not affected by that circumstance.

The motion to dismiss will be denied.