152 N.J. Super. 44 (1977)
377 A.2d 762
GLORIA A. HEALEY, PLAINTIFF-APPELLANT,
v.
GERARD M. HEALEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1977.
Decided August 3, 1977.
*45 Before Judges FRITZ, ARD and PRESSLER.
Mr. William J. McGovern argued the cause for appellant (Messrs. McGovern and Roseman, attorneys).
Mr. Peter A. Adams argued the cause for respondent (Messrs. Adams, Adubato, Tafro & Connelly, attorneys).
PER CURIAM.
This is a matrimonial action in which plaintiff wife, divorced by her husband in a prior Pennsylvania action in which she had appeared and contested, seeks support. In the Pennsylvania action she received no support judgment since support is unavailable under Pennsylvania *46 statutory law. Both parties had been domiciliaries of New Jersey prior to the divorce, although the husband left and established a Pennsylvania residence some two years prior to the divorce judgment. The wife has never lived elsewhere than New Jersey since the date of her marriage to respondent. Her claim was decided adversely to her on a motion for summary judgment and she appeals.
Obviously we are not at all here concerned with the matter of fact as to whether appellant is entitled to support. We review only the determination of law, predicated wholly on Newgard v. Newgard, 111 N.J. Super. 515 (Ch. Div. 1970), that full faith and credit with respect to the Pennsylvania judgment of divorce, mandated by U.S. Const., Art. IV, § 1, required the result reached below.
The matter is closely analogous to the question raised and answered in Pierrakos v. Pierrakos, 148 N.J. Super. 574 (App. Div. 1977). There New York, the forum of the divorce, had not adopted a statute permitting equitable distribution. We held that inasmuch as that issue could not have been raised in the New York court, our courts are not bound to deny equitable distribution of property here on the basis of the full faith and credit clause.
So here. All that we said in Pierrakos with respect to full faith and credit considerations applies with equal vigor to the matter before us. We leave to another day the question as to whether equities surrounding domiciliary considerations or the foreign divorce procedure should cause our courts to give effect to the consequences which the judgment would have in its forum, on a basis other than full faith and credit such as, perhaps, comity. Certainly the equities here do not intrude.
To the extent our determination is in disagreement with Newgard v. Newgard, supra, it is overruled.
Reversed and remanded for plenary hearing. We do not retain jurisdiction.