■ MAUREEN BENNETT, Appellant, v PAUL A. BENNETT, Respondent. — In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated June 1, 1982, as, in effect, granted that part of the defendant husband's motion which was to dismiss the plaintiff's requests for an award of maintenance of $150 per week and for an award of counsel fees. ¶ Order reversed insofar as appealed from, with costs, that portion of the complaint as seeks a judgment awarding maintenance and counsel fees reinstated, and matter remitted to the Supreme Court, Nassau County, for further proceedings. ¶ Maureen Bennett, the plaintiff wife, and Paul A. Bennett, the defendant husband, were married in New York in September, 1956. They lived together "as man and wife" until October, 1976, when the defendant allegedly abandoned the plaintiff. In 1979, the defendant became a resident of the State of Florida, and continues to reside and work there. ¶ By summons and petition for dissolution of marriage, the defendant commenced an action for divorce against his wife in the Circuit Court of the Fifteenth Judicial Circuit of Florida. The plaintiff was served with the summons and petition in New York on July 18, 1980. On or about August 25, 1980, a default judgment was entered against the plaintiff "for failure to serve a pleading at the time required by law". On September 3, 1980, the Circuit Court ordered that "[t]he bonds of marriage between * * * PAUL A. BENNETT, and * * * MAUREEN BENNETT, are dissolved because the marriage is irretrievably broken". ¶ By service of a summons, dated January 15, 1982, and verified complaint, the plaintiff instituted this matrimonial action, alleging that in, or about, October, 1976, she was abandoned by the defendant husband. The plaintiff sought judgment (1) dissolving the marriage between the parties; (2) awarding her maintenance in the amount of $150 per week; and (3) granting to her attorney an award of counsel fees for his service in connection with the action. ¶ By notice of motion, dated April 26, 1982, the defendant moved for an order dismissing the complaint, pursuant to CPLR 3211 (subd [a]), on the grounds that "on the 3rd day of September, 1980 the State of Florida granted a final and valid divorce to the defendant and against the plaintiff and that plaintiff's present action for a divorce has been adjudicated by a Court of competent jurisdiction, having jurisdiction of all parties and that

this matter is res judicata". ¶ The plaintiff opposed the motion alleging, *inter alia,* that she was unaware that a divorce decree had been entered in the State of Florida, notwithstanding that she was served in the Florida action and had defaulted. The plaintiff argued that "even if a valid Florida divorce has been obtained [the court] could not have adjudicated the issue of maintenance or counsel fees. If it is conclusively shown to your deponent that a valid divorce was obtained in Florida, it is my belief that my application for ancillary relief, that is, maintenance and counsel fees is valid and should not be dismissed." ¶ By order dated June 1, 1982, the Supreme Court, Nassau County, granted the motion to dismiss, explaining that, ¶ "[a] Florida divorce was granted in the Fifteenth Circuit Court of Florida, Palm Beach County, on the 3rd day of September, 1980 * * * The plaintiff herein was personally served on July 18, 1980, by the Sheriff's Office of Nassau County. The Florida decree of divorce obtained by Paul A. Bennett, the defendant herein, is entitled to full faith and credit in this State even though the defendant [*sic*] was not domiciled in the State of Florida and did not appear in the action * * * [s]ervice made upon the defendant [*sic*] was in accord with the requirements of due process. ¶ "Plaintiff has failed to rebut the presumption of the validity of the foreign judgment; nor does she deny she was not [*sic*] duly served in the Florida action". ¶ On this appeal, the plaintiff does not challenge that part of Special Term's order which dismissed her cause of action for divorce. She argues, however, that because she did not appear or answer in the Florida action, the Florida State court did not have jurisdiction over such "subsidiary rights" as alimony, support, or child custody. We agree. ¶ In *Vanderbilt v Vanderbilt* (354 US 416, 418-419), the Supreme Court ruled that, while a Nevada divorce decree was entitled to full faith and credit in a subsequent New York action for separation and alimony brought by the wife, who was not served with process in Nevada and did not appear in that action, ¶ "the Nevada divorce court had no power to extinguish any right which [the wife] had under the law of New York to financial support from her husband. It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. Here, the Nevada divorce court was as powerless to cut off the wife's support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce court's jurisdiction. Therefore, the Nevada decree, to the extent it purported to affect the wife's right to support, was void and the Full Faith and Credit Clause did not obligate New York to give it recognition". ¶ The Supreme Court affirmed the New York court's order directing the husband, who obtained the Nevada divorce, to make designated payments to his former wife, thereby ruling constitutional former section 1170-b of the Civil Practice Act, the predecessor of section 236 of the Domestic Relations Law. Moreover, pursuant to current New York statutory law, the court may award alimony or maintenance notwithstanding the previous entry of a valid foreign judgment of divorce (see Domestic Relations Law, § 236, part A, subd 1; part B, subd 2). The law is therefore clear that, in the case at bar, the Florida divorce decree, though entitled to full faith and credit, does not affect the plaintiff wife's requests for maintenance and counsel fees. ¶ We have considered the defendant husband's remaining contention that the New York court lacks in personam jurisdiction and find it to be without merit (see CPLR 302, subd [b]). Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.