ANDERSON, Justice,
for the Court.
ON PETITION FOR REHEARING
The opinion rendered in this cause on August 19, 1987, is withdrawn, and the following is substituted as the opinion of the Court.
This is an appeal of a jury verdict in the Circuit Court of the First Judicial District of Hinds County on March 14,1985, awarding Dawn Jones $40,000 in compensatory damages for injuries inflicted by a door at the defendant’s establishment.
Noel’s Auto Electric Service is located in Jackson. Dawn Jones, who works for an automotive repair business, was a regular customer of Noel’s. On December 8, 1980, she made a visit to Noel’s, and left the store as she usually did, through a certain door. As Jones went through this door, it swung back into place with considerable force, striking her and knocking her down some steps. She suffered broken bones in her foot and her back. Shortly thereafter, she filed her complaint, alleging negligence in the maintenance of the door and in failing to warn of its dangerous condition.
LAW
I. WAS IT IMPROPER TO ALLOW LAY WITNESSES TO TESTIFY THAT THE DOOR WAS DANGEROUS?
Four lay witnesses testified for Jones about their past experiences with this particular door. Each of them described the door in some detail. Counsel for the plaintiff then asked them, over defense objections, whether in their opinion the door was “dangerous” or “hazardous.”
We note at the outset that this case is not affected by Rule 704, Miss.R.Evid., the case having been tried before the new rules came into force.
It was error for the trial judge to admit such testimony as to the ultimate issue — whether the door was unreasonably dangerous. The witnesses’ descriptions of the door and their troubles with it would have been admissible to prove that the proprietor had notice of its condition. See Parmes v. Illinois Central Gulf R.R., 440 So.2d 261, 264-66 (Miss.1983); Illinois Central Gulf R.R. v. Williams, 242 Miss. 586, 605-06, 135 So.2d 831, 839 (1961). But to permit them to give their opinions as to “dangerousness” of the door went too far. That was for the jury to decide. Parmes, supra, 440 So.2d at 267. We are persuaded, however, that the error was not reversible, given the nature of the other testimony these witnesses gave about the door. John Gray noted the door swung *505 inwards and was “pretty strong.” Charlie Lewis said that the door’s recoil was “tremendously strong” and that on one occasion it had “knocked [him] out” of the building. Ted Courtney called the door “pretty strong” and said that it would “hit you pretty hard coming out.” William Crump testified that the door “opened wrong”, that “it would fly back on you,” and that “if you didn’t get out of there in time, it would knock you out the door.”
After the jury had heard all this, hearing the additional opinions that the door was dangerous could hardly have been decisive. Although it was error to admit these statements, it was harmless beyond a reasonable doubt. Miss.Sup.Ct.Rule 11.
The other assignments of error are without merit.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.