528 So.2d 296 (1988)
Edwin R. WILLIAMS
v.
Victoria Lee WILLIAMS.
No. 57730.
Supreme Court of Mississippi.
July 13, 1988.
*297 Clyde Ratcliff, McComb, for appellant.
Ronald L. Whittington, McComb, Keith Starrett, Magnolia, for appellee.
Before HAWKINS, ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the court:
The present case is an appeal from the Chancery Court of Pike County, where on April 28, 1986, Victoria Lee Williams was awarded separate maintenance and child support from her husband, Edwin R. Williams. Feeling aggrieved by the lower court's award, Mr. Williams now appeals. We reverse and remand.

FACTS
Edwin R. Williams and Victoria Lee Williams were married on August 20, 1967, and from their union two children were born: Lorna Price Williams on May 1, 1969 and Angela Russell Williams on August 10, 1972. Mr. and Mrs. Williams lived together as man and wife until April 16, 1985, when Mr. Williams separated from Mrs. Williams, and moved out of the family dwelling.
On May 1, 1985, Mr. Williams filed suit seeking a divorce from Mrs. Williams on the statutory ground of habitual cruel and inhuman treatment. Mrs. Williams counterclaimed seeking, among other things, separate maintenance and child support. Subsequently, the lower court on motion of Mr. Williams dismissed the original complaint filed by him, but continued the case for a hearing on Mrs. Williams' counterclaim.
On April 24, 1986, a hearing was conducted concerning the counterclaim, at the conclusion of which, the lower court ordered Mr. Williams to pay to Mrs. Williams $10,000 as "lump sum separate maintenance," $500 per month in periodic separate maintenance, and Mr. Williams was ordered to pay $750 per month as child support. On appeal, Mr. Williams admits the need for separate maintenance and child support, but contests the propriety of lump sum separate maintenance and the amounts provided by the lower court, assigning the following errors.

I. WAS THE CHANCELLOR'S AWARD OF SUPPORT UNDULY BURDENSOME AND OPPRESSIVE TO APPELLANT AND CLEARLY CONTRARY TO THE EVIDENCE PRESENTED?
Mr. Williams argues that the lower court committed manifest error in awarding Mrs. Williams $500 per month as separate maintenance and $750 per month in child support and that those awards are excessive and oppressive. In reviewing this contention, our rule is that the amount of separate maintenance and child support to be awarded is within the sound discretion of the chancellor, whose decision will not be disturbed on appeal except in case of a clear abuse thereof. Thompson v. Thompson, 527 So.2d 617 (Miss. 1988). The amount awarded should provide the wife with the same sort of support and maintenance she would have received if normal cohabitation had continued; however, the allowance should not unduly deplete the husband's estate. Thompson, supra citing Bunkley & Morse's, Amis on Divorce and Separation in Mississippi, § 7.04 (1957). Consideration must be given to the rights of the husband to lead as normal a life as reasonably possible with a decent standard of living. Nichols v. Nichols, 254 So.2d 726, 727 (Miss. 1971).
In the present case, the record reveals that Mr. Williams worked as a salesman for a chemical company making a base gross salary of approximately $1,300 per month. Commissions from his sales would from time to time cause this amount to be only slightly greater. Mr. Williams owned, at the time of the hearing, forty percent of his family's now defunct closely-held corporation, Williams' Grocery Company, Inc. Testimony at trial showed the corporate entity to exist in name only, although Williams' Grocery still had cash reserves of *298 approximately $100,000 and property valued at $300,000. However, at the time of the hearing below, the assets of Williams' Grocery were not liquid and appellee failed to submit proof of availability of any funds of the corporation. Mrs. Williams earned a salary of approximately $1,400 per month working as a school teacher.
As can be seen above, Mr. Williams' true and readily available income was approximately $1,300 per month less customary and legally mandated deductions such as federal and state income tax and social security premiums. The lower court ordered him to pay in separate maintenance and child support $1,250 per month. Such an award, under these facts, was clearly excessive, and in making such allowance, the lower court manifestly erred.

II. DID THE LOWER COURT ERR IN AWARDING "LUMP SUM SEPARATE MAINTENANCE?"
As previously stated, the lower court in its judgment of April 28, 1986, ordered Mr. Williams to pay $10,000 as "lump sum separate maintenance" to Mrs. Williams. Appellant argues that in doing so the lower court provided support to Mrs. Williams which is not authorized by law, and thereby committed manifest error.
In reviewing the lower court's award of $10,000 as "lump sum separate maintenance" it should first be remembered that separate maintenance is simply a judicial command to the husband to resume cohabitation with his wife or to provide suitable maintenance for her. Thompson v. Thompson, 527 So.2d 617 (Miss. 1988). The amount of separate maintenance should be a sum sufficient to provide as nearly as possible the same support and maintenance as the wife would have received if the parties had continued normal cohabitation. Id., see also Amis, Divorce and Separation in Mississippi, § 193 (1st ed. 1935). However, separate maintenance cannot confer on the wife any greater rights than she would have had if cohabitation had continued. Thompson, supra; Amis, supra. Further, the wife's entitlement to a monetary amount for support does not extend to a division of marital assets. Thompson, supra.
The lower court's award of "lump sum separate maintenance" can be closely analogized to an award of lump sum alimony. Where lump sum alimony is awarded, the party receiving such obtains a vested right to the amount of the judgment which may not subsequently be modified or terminated by court order. East v. East, 493 So.2d 927 (Miss. 1986). While this is totally appropriate where a marriage is being terminated by divorce, it runs contrary to the basic purpose of separate maintenance, which is to order the husband to re-enter the marital relationship or pay support to the wife. Presumably, if "lump sum separate maintenance" were allowed, the husband would continue to owe his wife this vested amount even if he resumed the marital relationship. As this scenario runs completely contrary to the above policies concerning separate maintenance, the lower court erred in awarding the $10,000 sum to Mrs. Williams.

CONCLUSION
Upon consideration of Mr. Williams readily available income, we hold that the amounts of monthly separate maintenance and child support awarded by the learned chancellor to Mrs. Williams were clearly and substantially excessive. Further, the award of "lump sum separate maintenance" is contrary to the very reasons for awarding this type support. Accordingly, the decision of the lower court is reversed and this cause remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.