579 So.2d 539 (1991)
Thomas Edward WEISS
v.
Barbara Beverly WEISS.
No. 89-CA-1227.
Supreme Court of Mississippi.
April 17, 1991.
*540 Jimmy D. McGuire, McGuire & Cox, Gulfport, for appellant.
Thomas Wright Teel, Sekul Hornsby Teel & Tisdale, Biloxi, for appellee.
Before HAWKINS, P.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:
Here we are called upon to decide in this appeal (1) whether a Mississippi court has jurisdiction to determine alimony where the parties were previously granted a foreign divorce without the litigation of alimony and (2) whether alimony was properly awarded in the instant case where the complaint was a request for separate maintenance and was not formally amended.
Barbara and Thomas Weiss were married on December 16, 1967, in Biloxi, Mississippi. They separated in 1986, and Thomas moved to Slidell, Louisiana. Barbara continued to reside in Mississippi. In November 1988 Thomas filed a suit for divorce in Louisiana. In December of that same year, Barbara filed a complaint for separate maintenance in Mississippi.
On June 27, 1989, the Louisiana Court granted Thomas a judgment of divorce. The decree states that Barbara's demand for alimony was dismissed with reservations of her right to litigate fault at a later date for alimony. (The fault of a party is a factor in determining alimony in Louisiana. La. Civ. Code Ann. Art. 112 (West 1991 Supp.))
After the Louisiana divorce was granted, Barbara pursued her claim for separate maintenance in the Mississippi court. On October 17, 1989, the Chancery Court of Harrison County granted Barbara equitable interest in all the parties' assets and periodic alimony payments. Neither party contested the validity of the Louisiana divorce decree. Also, both parties conceded the chancery court's authority to divide their property rights.
Thomas, the appellant, challenges the lower court's jurisdiction to determine alimony and the award of alimony since the complaint for separate maintenance was not amended prior to trial.

I. WHETHER A MISSISSIPPI COURT HAS JURISDICTION TO DETERMINE ALIMONY WHERE THE PARTIES WERE PREVIOUSLY GRANTED A FOREIGN DIVORCE WITHOUT THE LITIGATION OF ALIMONY.

A.
Under Mississippi law, the litigation of divorce and of alimony are divisible or *541 separable. McNally v. McNally, 516 So.2d 503 (Miss. 1987) (a chancery court may retain jurisdiction over a case to determine alimony if at the time of the divorce alimony was not justifiable); Miss. Code Ann. § 93-5-23 (Supp. 1990) (a court has discretion in determining alimony or adjusting the decree later).
However, whether a foreign divorce decree affects the divisibility principle must be addressed. Although there are no Mississippi cases directly on point, a number of jurisdictions also apply the divisibility principle where the divorce decree was obtained from a foreign jurisdiction. Hunter v. Hunter, 359 So.2d 500 (Fla. Dist. Ct. App. 1978); Wallace v. Wallace, 290 Md. 265, 429 A.2d 232 (1981); Healey v. Healey, 152 N.J. Super. 44, 377 A.2d 762 (1977); Noel v. Noel, 15 N.J. Misc. 576, 193 A. 558 (Ch. 1937); Bennett v. Bennett, 103 A.D.2d 816, 478 N.Y.S.2d 47 (1984); Metzger v. Metzger, 32 Ohio App. 202, 167 N.E. 690 (1929); Nienow v. Nienow, 268 S.C. 161, 232 S.E.2d 504 (1977); Pollock v. Pollock, 273 Wis. 233, 77 N.W.2d 485 (1956). At least one jurisdiction, however, would bar the subsequent alimony action. Hawkins v. Hawkins, 350 Ill. 227, 183 N.E. 9 (1932).
We believe that the better view is for the application of the divisibility principle to both divorce decrees of our own courts and of foreign courts.

B.
This represents no departure from our previous holdings as to the res judicata effects of prior proceedings. Mississippi law is clear that where "the case in the foreign court is not decided on its merits, while suit might be barred from any other court in the state where the judgment was rendered it is not res judicata" in Mississippi. Lee v. Swain Bldg. Materials Co., 529 So.2d 188, 190 (Miss. 1988). Unquestionably, res judicata principles apply to divorce actions. Bowe v. Bowe, 557 So.2d 793 (Miss. 1990); Bias v. Bias, 493 So.2d 342 (Miss. 1986).
In the case at bar, alimony was not litigated in the prior Louisiana divorce decree proceedings. The decree plainly states that Barbara's demand for alimony was dismissed with reservation of her right to litigate fault later.

C.
Therefore, the Mississippi lower court clearly had jurisdiction to litigate alimony under these circumstances, as long as the statutory requirements for personal jurisdiction were met.
Barbara satisfied the six month residency requirement for divorce proceedings set under Miss. Code Ann. § 93-5-5 (Supp. 1990). Additionally, but not determinatively, Thomas was employed in Mississippi and most of the marital assets were located in Mississippi at the time of trial. Also, Thomas conceded the authority of the court to divide their property rights.
We conclude that the lower court's exercise of jurisdiction to determine alimony was not improper where the parties were previously granted a foreign divorce with reservation of the right to litigate alimony and the statutory residency jurisdictional requirement was satisfied.

II. WHETHER ALIMONY WAS PROPERLY AWARDED IN THE INSTANT CASE WHERE THE COMPLAINT WAS A REQUEST FOR SEPARATE MAINTENANCE AND WAS NOT FORMALLY AMENDED.
Barbara's original complaint was for separate maintenance; and, she did not formally amend her complaint. Her claim for separate maintenance was no longer proper, however, as a divorce had been previously granted. The lower court's judgment of alimony may still be affirmed if her action for separate maintenance could be and was properly converted to, and tried as, a claim for alimony.

A.
There is nothing inherent in the substance of a claim for separate maintenance to prevent parties from implicitly or tacitly amending the complaint at trial to become a claim for alimony. Alimony originates from an obligation of one spouse to *542 provide support for the other spouse. See East v. East, 493 So.2d 927, 931 n. 2 (Miss. 1986). Separate maintenance is a judicial command to one's spouse to resume cohabitation or to provide support. Williams v. Williams, 528 So.2d 296, 298 (Miss. 1988).
Like separate maintenance, alimony may result in payments for a short period of time or for an extended period of time. Like separate maintenance, alimony may consist of periodic payments. See Schilling v. Schilling, 452 So.2d 834 (Miss. 1984). The certainty of the duration of the obligations pose the major difference in alimony and separate maintenance. Alimony is for a more certain period of time and may be settled in a lump sum amount. See East v. East, 493 So.2d 927 (Miss. 1986). However, separate maintenance is for a more uncertain period of time (as the obligation would cease if and when the parties resumed cohabitation) and hence may not be awarded in a lump sum amount. Williams v. Williams, 528 So.2d 296 (Miss. 1988).
As another court so well stated, "`Alimony' and `maintenance' are merely different words used in differing situations to describe the same thing, 15 N.J. Misc. 576, viz., the measure of the husband's duty to support." Noel v. Noel, 193 A. 558, 560 (Ch. 1937).
As there is nothing inherent in the substance of the claims to prevent the separate maintenance action from being converted to one for alimony, the appellant's challenge must fail unless there is a procedural bar.

B.
The Mississippi Rules of Civil Procedure are applicable to suits in chancery court. Miss.R.Civ.P. Rule 1. Divorce actions, however, are affected both by the Mississippi Rules of Civil Procedure and Title 93 of the Mississippi Code. Miss.R. Civ.P. Rule 81(a)(9). Where the code is not inconsistent, the Civil Rules will apply. Queen v. Queen, 551 So.2d 197, 200 (Miss. 1989). As to the issue in this case, the only relevant statutory point is that of the chancellor's discretion in determining alimony. Miss. Code Ann. § 93-5-23 (Supp. 1990).
The Civil Rules, however, are directly relevant. Rule 15(b), Miss.R.Civ.P., provides that "when issues not raised by the pleadings are tried by expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."
In Queen v. Queen, 551 So.2d 197 (Miss. 1989), the husband challenged the lower court's award of alimony where the court allowed the wife to make a post-judgment amendment of the complaint to include a request for alimony. We held that the husband should have made a timely objection when the issue of alimony was first raised at trial. In Queen there may have been some argument that since an amount of alimony was not requested in the pleadings, an amount could not be awarded because of Mississippi Rules of Civil Procedure 54(c). Rule 54(c) provides in part that "final judgment shall not be entered for a monetary amount greater than that demanded in the pleadings or amended pleadings." In Queen, even the amended complaint had failed to request a specific dollar amount for alimony. We rejected this result, holding that "the mechanical jurisprudence may well consider that arid legal logic requires striking from the judgment the alimony award. The content of our law, however, is informed by experience, as well as logic." 551 So.2d at 202.

C.
At the beginning of the trial, Barbara's attorney offered a stipulation to matters that the attorneys had discussed in chambers with the judge. The stipulation indicated that the issues of alimony, property, and support had been reserved for that court. Thomas' attorney did not object. After it became clearer that the court would determine alimony, Thomas' attorney asked for and received the court's permission to use the fault standard for alimony as it would have applied under Louisiana law.
Thomas put on evidence as to fault and alimony, failed to properly object, and *543 failed to raise any due process considerations at trial or on appeal. Under the circumstances we conclude that alimony was tried by consent save for the issue whether such trial was precluded by the Louisiana action. Having resolved the effect of the Louisiana action against Thomas, we affirm.
The lower court's judgment is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.